UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                                       :
                Plaintiff,             :
        v.                             :  11 Civ. 6189 (LAK)
                                       :
HSBC NORTH AMERICA HOLDINGS, INC., et al., :
                                       :
                Defendants.            :
                                       :
--------------------------------------------------------------- x
Other Cases Brought by this Plaintiff:  :
                                        :
        11 Civ. 5201 (VM)               :
        11 Civ. 6188 (DLC)              :
        11 Civ. 6190 (DAB)              :
        11 Civ. 6192 (LAK)              :
        11 Civ. 6193 (PGG)              :
        11 Civ. 6195 (JFK)              :
        11 Civ. 6196 (PAC)              :
        11 Civ. 6198 (DAB)              :
        11 Civ. 6200 (RPP)              :
        11 Civ. 6201 (JFK)              :
        11 Civ. 6202 (DLC)              :
        11 Civ. 6203 (JSR)              :
        11 Civ. 6739 (PKC)              :
        11 Civ. 7010 (RJH)              :
        11 Civ. 7048 (VM)               :
--------------------------------------------------------------- x

## DEFENDANTS' PROPOSAL FOR THE EFFICIENT AND CONVENIENT HANDLING OF THESE CASES

This Court has ordered Plaintiff and all Defendants (collectively, the "parties") in the sixteen above-captioned cases (the "Cases") to "meet and confer promptly with a view to formulating a proposal for the efficient and convenient handling of these cases, which at least preliminarily appear to bear substantial similarities and to raise similar issues." *Federal Housing Finance Agency* v. *HSBC North America Holdings, Inc.*, No. 11 Civ. 6189 (LAK), Order at 1,

¶ 1 (S.D.N.Y. Sept. 16, 2011) (hereinafter, the "Order").[1] Counsel for Plaintiff and counsel for the undersigned Defendants have met and conferred and are submitting today a joint report (the "Joint Report") briefly describing the respects in which the cases are similar and different, "with special attention to such matters as the likelihood that they will raise common issues of law, common issues of fact, and common issues with respect to discovery." (Order at 2, ¶ 2.)

In essence, the Joint Report reflects agreement that the cases will primarily raise common issues of law, as well as common issues with respect to discovery, though facts will

---

[1] The Order initially applied to 12 cases. This Court issued four orders (dated September 21, October 11, October 17, and October 18) extending that Order to the *UBS* case (11 Civ. 5201), and to the *Morgan Stanley*, *General Electric* and *Ally Financial* cases (11 Civ. 6739, 11 Civ. 7048, and 11 Civ. 7010), each of which had been removed from Supreme Court, New York County (collectively, the "Removed Cases").

Plaintiff initially opposed mentioning the *General Electric* (11 Civ. 7048) and *Ally Financial* (11 Civ. 7010) cases in the Joint Report, but reversed course as soon as the orders applying the Order to the *General Electric* and *Ally Financial* cases were docketed.

A seventeenth recently-filed FHFA action, *FHFA as Conservator etc. v. Countrywide Financial Corp. et al.*, 11 Civ. 6916 (JSR) (the "*Countrywide Action*"), is also currently pending in this Court, having been removed earlier this month from Supreme Court, New York County. On August 15, 2011, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order establishing a multidistrict litigation ("MDL") proceeding in the United States District Court for the Central District of California for coordinated pretrial management there of securities cases concerning the offering and sale of Countrywide residential mortgage-backed securities. *See Countrywide Financial Corporation Mortgage-Backed Securities Litigation*, MDL No. 2265. The JPML appointed the Honorable Mariana R. Pfaelzer of the Central District of California to preside over this MDL. On October 3, 2011 the Countrywide Defendants filed a "tagalong" notice with the JPML notifying it of the filing of the referenced *Countrywide Action*, and on October 7, 2011, the JPML issued a Conditional Transfer Order transferring this action to the Central District of California for coordinated pretrial management as part of the Countrywide Mortgage-Backed Securities ("MBS") MDL. Judge Pfaelzer has resolved legal and factual issues similar to those now raised by the FHFA in favor of Countrywide in denying remand in other MBS cases and continues to have such issues before her in additional MBS cases. At this writing, no order has been made extending the Order of September 16 to the *Countrywide Action*, and defense counsel in that case are not signatories to this proposal.

differ in some instances from securitization to securitization. Agreement was not reached as to identification of all common or distinct issues. Moreover, agreement could not be reached on a joint report "containing proposals for means by which the cases can most efficiently and conveniently be handled." (Order at 2, ¶ 3.) Plaintiff and Defendants are therefore submitting separate reports addressing their respective proposals, as well as certain other points of disagreement.

In Point I below, Defendants respectfully submit several proposed means by which the Cases can most efficiently and conveniently be handled. These include (a) proposed coordination of briefing on common grounds for motions to dismiss ("Common Dismissal Motions"), before briefing on non-common grounds for motions to dismiss ("Non-Common Dismissal Motions"); (b) proposed further coordination of Cases removed from state court to this Court that will remain in this Court; and (c) a uniform stay of discovery pending decision on the motions to dismiss, in accordance with the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 77z-1(b)(1), but in the interim, coordination of planning for potential discovery to begin if dismissal is denied. In Point II below, Defendants set forth the rationales for these proposals and the shortcomings in the proposals so far advanced by Plaintiff.

I.   **PROPOSAL FOR THE EFFICIENT AND CONVENIENT HANDLING OF THE CASES**

   A.   Briefing of Motions to Dismiss

      1.   Grounds and Issues[2]

Defendants propose that the parties brief Common Dismissal Motions on a coordinated basis, followed by briefing on Non-Common Dismissal Motions, if any. Potential grounds for Common Dismissal Motions (subject to further refinement and expansion) include:

> (i) the applicable statute of limitations and/or statute of repose for each claim, including the applicability of 12 U.S.C. § 4617(b)(12) to the various limitations and repose periods, such as those found in 15 U.S.C. § 77m, with the relevant time periods generally keyed off common or knowable dates, such as the date of the offerings, publicly available admissions made by Plaintiff FHFA (and by Fannie Mae and/or Freddie Mac, on whose behalf FHFA purports to sue) (collectively, hereinafter, "FHFA"), other publicly available information that placed FHFA on notice of any potential claims, and the date of conservatorship;
>
> (ii) whether FHFA has standing and capacity to assert claims, including: (a) the continued validity of the appointment of the Acting Director; and (b) whether FHFA suffered cognizable injury as to all or some of the securities on which it sues;
>
> (iii) the alleged falsity and materiality of any misrepresentations, including whether the Complaints plausibly allege any misrepresentation as to which FHFA lacked knowledge, and that was material, *i.e.*, where disclosure would have been viewed as significantly altering the total mix of available information, such as for example: (a) whether any deviations from underwriting standards were known by Defendants, as required by Item 1111 of SEC Regulation AB; and (b) whether the allegations that concern loan-to-value ratios, credit ratings, or owner occupancy representations were categorically not actionable misrepresentations of fact because they are based on subjective opinions or expressions of intent;

---

[2]   This presentation supplements the Joint Report's presentation regarding which issues appear to be similar across Cases. Plaintiff refused to include several of the listed common issues in the Joint Report. *See infra* Part I.C.2.

(iv) loss causation issues, including for example whether the complaints allege enough factual matter plausibly to suggest that any decline in performance was caused by the purported misrepresentations regarding underwriting guidelines or the relevant loans, rather than by macroeconomic or other intervening causes;

(v) issues concerning the FHFA's reliance, knowledge and sophistication;

(vi) the existence (or lack) of a special relationship necessary for negligent misrepresentation claims; and

(vii) certain elements of "control person" liability, including for example whether control person claims must be dismissed for want of a primary violation, for failure adequately to allege control over a primary violator and for failure to allege culpable participation.

Potential grounds for Non-Common Dismissal Motions include, without limitation:

(i) issues relating to individual Defendants, including for example whether the Southern District of New York has personal jurisdiction over certain non-resident Defendants;

(ii) distinguishing disclosures or other features of certain offerings or offering materials;

(iii) Defendant-specific issues, such as for example (a) certain elements of control person liability, including for example the sufficiency of allegations as to each individual or entity charged as a control person, assuming the sufficiency of the allegations of primary violations, (b) successor liability, or (c) individual involvement or non-involvement;

(iv) distinct timing or tolling issues, such as for example the application of tolling agreements that apply to only certain parties and certain transactions;

(v) elements of fraud claims, such as for example whether the complaints allege scienter with sufficient particularity to survive a motion to dismiss;

(vi) the extent to which there is Section 11 liability for purchases made in the secondary market; and

(vii) no Section 12 liability for purchases made in the secondary market.

2.  Schedule

The parties agree in principle that Common Dismissal Motions should be briefed and argued on a single schedule, based on a single set of papers. Defendants propose that the Common Dismissal Motions be due on the December 2, 2011 date to which the parties previously stipulated, and which the Court approved, for motions to dismiss in all cases.[3]

The parties' previously proposed stipulations had provided certain dates for Plaintiff's opposition and Defendants' reply papers on motions to dismiss: Plaintiff's opposition brief due on March 2, 2012, and a reply brief due on April 16, 2012. In some Cases, the Court struck those dates from the proposed stipulations.[4] Defendants remain willing to complete briefing on the Common Dismissal Motions on the schedule to which they had previously agreed, or on such other schedule as the Court may direct.

Defendants further propose that Non-Common Dismissal Motions be due after the Court determines the Common Dismissal Motions. Defendants propose to file their Non-Common Dismissal Motions within 30 days after decision on the Common Dismissal Motions, with opposition and reply papers due 30 days and 15 days thereafter, respectively.

Alternatively, in the event that the Court would prefer briefing on Non-Common Dismissal Motions before the Court has yet determined the Common Dismissal Motions, Defendants respectfully request that (a) their opening papers in support of the Non-Common Dismissal Motions be due 30 days after the due date for Plaintiff's opposition to the Common Dismissal Motions; (b) FHFA's oppositions to the Non-Common Dismissal Motions be due 30

---

[3] This deadline should not apply to any Defendant who has not been served or authorized counsel to accept service more than 21 days before December 2, 2011.

[4] *See* No. 11 Civ. 6192, Docket No. 6; No. 11 Civ. 6193, Docket No. 11; No. 11 Civ. 06189, Docket No. 8; No. 11 Civ. 6188, Docket No. 28; No. 11 Civ. 6202, Docket No 8.

days after those motions are filed; and (c) replies be due 15 days after those oppositions to the Non-Common Dismissal Motions are filed.[5]

        3.     Page Length and Other Limits on Motion to Dismiss Papers

Due to the number and complexity of issues expected to be argued, Defendants respectfully request that the Court grant Defendants leave to file a joint brief on the Common Dismissal Motions not exceeding 75 pages. Defendants do not currently anticipate seeking to exceed applicable page limitations with respect to Non-Common Dismissal Motions.

        4.     Determination

Defendants submit that the Common Dismissal Motions would be suitable for determination by one judge, if convenient for the Court. Because the substance of any determination of common issues may significantly affect the nature and extent of any non-common issues that remain to be determined (as discussed in Point II, below), Defendants respectfully request that, after the Common Dismissal Motions have been decided, the Court determine whether it would be most efficient and convenient for one or more judges to decide the Non-Common Dismissal Motions, if any.

---

[5] If FHFA seeks to amend its pleadings based on issues raised in the Common Dismissal Motions, Defendants request that, in accordance with Fed. R. Civ. P. 15(a), the Court require FHFA to provide notice and its proposed amended pleading by December 23, 2011, in which case Defendants would have 60 days after the service of the amended complaints to serve a revised brief in support of the Common Dismissal Motions and the Non-Common Dismissal Motions would be filed 30 days after the decision on the Common Dismissal Motions or, alternatively, 90 days after the filing of the amended complaints. If FHFA seeks to amend its pleadings based on issues raised in the Non-Common Dismissal Motions, Defendants request that the Court require FHFA to provide notice and its proposed amended pleadings within 21 days of the submission of those motions and that Defendants have 60 days after the service of the amended complaints to file revised briefs in support of the Non-Common Dismissal Motions.

B.  Briefing of Motions to Remand

Plaintiff, for reasons it has not shared, filed the three Removed Cases in Supreme Court, New York County, which have all been removed to this Court.[6] Plaintiff initially opposed mentioning in the parties' Joint Report any removed cases that were not specifically identified in the Order (or supplemental orders). FHFA's counsel have stated an intention to seek the remand of the Removed Cases and today filed a motion to remand the *Countrywide Action*. Plaintiff has proposed to file its remand motions (the "Remand Motions") at different times, and that they be decided separately by different judges.

Defendants submit, however, that coordinating the litigation of Remand Motions in the Removed Cases promises substantial efficiencies for the Court and counsel. The notices of removal are not carbon copies of one another, but all three present related issues under the anti-removal provision of Securities Act § 22(a), 15 U.S.C. § 77v(a). *See also CALPERS v. Worldcom, Inc.*, 368 F.3d 86 (2d Cir. 2004). Two of the three Removed Cases raise the issue of whether they are related to federal bankruptcy proceedings under 28 U.S.C. § 1334(b) and whether removal was proper under 28 U.S.C. § 1452(a). Even these cases, however, present non-common factual issues, because bankruptcy-related jurisdiction in each case was predicated on different contracts, with different bankrupt entities in different stages of bankruptcy, which relate to different numbers of the securitizations at issue in each case. The Removed Cases also present different scheduling issues. One of the cases was removed on September 26, 2011. Plaintiff has indicated that it will file its Remand Motion in that case by October 26, 2011. The

---

[6] Defendants in the fourth removed case, the *Countrywide Action*, believe that it is virtually certain that the Action will be transferred to the Countrywide RMBS MDL in Los Angeles. The *Countrywide Action* therefore is not a subject of this Proposal. *See supra* note 1.

other two Removed Cases were removed on October 6, 2011, and Plaintiff has indicated that it intends to file its Remand Motions in those cases by November 7, 2011. Thus, while Defendants in the Removed Cases do not oppose resolution of all three Remand Motions by a single judge if this Court concludes that there are sufficient commonalities among the Removed Cases to warrant that, Defendants respectfully submit that, in light of the numerous non-common issues across the three Removed Cases, it would not promote efficiency and would raise logistical complications if the Remand Motions in all three cases were the subject of common briefing. Further, Defendants respectfully submit that the briefing of the Remand Motion in the first-removed case should not be delayed to place it on the same schedule as the briefing of Remand Motions in the other two cases.

Should FHFA persist in its intention to seek a state-court forum for its federal claims, the Court may wish to consider whether to resolve Remand Motions in the Removed Cases before entertaining motions to dismiss in the Cases generally, thus maximizing the efficiencies to be obtained by merits coordination. If merits proceedings in the Cases generally are to proceed in tandem with remand proceedings in the Removed Cases, Defendants in the Removed Cases would participate in the Common Dismissal Motions. If remand has not been decided and the time comes for Non-Common Dismissal Motions, those motions could be deferred in the Removed Cases pending resolution of the forum issue.

    C.    <u>Discovery</u>

        1.    Defendants' Proposal

Pursuant to the automatic discovery stay provided in the PSLRA, discovery is stayed pending resolution of certain motions to dismiss. *See, e.g., In re IPO Sec. Litig.*, 236 F. Supp. 2d 286, 287-88 (S.D.N.Y. 2002); *In re Trump Hotel Shareholder Derivative Litig.*, No. 96 Civ. 7820, 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997). In addition to this statutory stay,

efficiency and proportionality concerns in complex cases like these generally favor a discovery stay pending decision on motions to dismiss that may narrow the claims and sharpen the issues, thus potentially framing discovery and the factual allegations that must be proven as the case proceeds. Defendants therefore propose that discovery be stayed pending determination of the Common and Non-Common Dismissal Motions.

Discovery, if it commences, will require documents and testimony related to all the issues raised in the Complaints. While the Common and Non-Common Dismissal Motions are pending, Defendants propose to meet and confer with Plaintiff in an effort to develop a protocol that will promote proportionality, minimize the burden on individual witnesses and avoid unnecessary duplication of effort with respect to document production and other written discovery, when and if that discovery begins. Such a protocol could include the following components,[7] subject to further development and refinement (including based on any decisions on motions to dismiss):

> (i) Common search terms negotiated between Defendants and FHFA, as applicable, without prejudice to any party's right to negotiate for additional search terms as appropriate.
>
> (ii) Documents available in a single database accessible to all parties.
>
> (iii) Potential phasing of discovery to first address certain dispositive issues, such as inquiry notice and FHFA's knowledge of allegedly misrepresented information.
>
> (iv) Individual witnesses deposed following completion of document production pertinent to that witness, with cooperation among all counsel to avoid repetitious questioning.

---

[7] Nothing in this document or the Joint Report is intended by Defendants to waive any right to or objection regarding discovery. The discovery categories described in the Joint Report incorporate Plaintiff's stated intentions or viewpoints, with which Defendants may disagree.

(v) Standardized sets of interrogatories, requests for admission and document requests as to any common issues.

(vi) A common confidentiality order addressing privacy obligations of financial institutions, among other matters.

2.  Common Issues and Parties Omitted from the Joint Report

At Plaintiff's insistence, the Joint Report understates the commonality of issues for discovery and otherwise.

For example, Plaintiff refused to acknowledge, or let the Joint Report reflect, that discovery and other issues will encompass the GSEs' extensive knowledge about and participation in the mortgage and securitization industries, not only in "the Securitizations" directly at issue, but also as issuers of their own RMBS, and as a source of industry standards, practices, guidelines and policies that played a role in the conduct of which they complain. Plaintiff further refuses to acknowledge, or let the Joint Report reflect, that a common issue across the Cases will be the impact of macroeconomic forces, including governmental policies and market movements, on mortgage loans, securitizations and the performance of each.

At Plaintiff's further insistence, the Joint Report understates the commonality of defendants and third parties. Once affiliations among institutions named as defendants are taken into account, there are 16 groups of affiliated institutional defendants, and 10 of those groups are named in at least two Cases each, and some are named in as many as six Cases.[8] Further, of the

---

[8] The 10 groups with affiliates named in two or more Cases are:

(i) Merrill Lynch, Pierce, Fenner & Smith Inc. (3): Nos. 11 Civ. 6193, 6195 and 6202;

(ii) Barclays Capital Inc. (2): Nos. 11 Civ. 6190 and 7010;

(iii) Citigroup Global Markets, Inc. (3): Nos. 11 Civ. 6188, 6196 and 7010;

50 third-party originators named in the Cases, 20 are named in at least two Complaints, and some are named in as many as eight Cases. These and other substantial commonalities across Cases warrant substantial coordination, as discussed more fully in Point II below.

## II.     RATIONALES FOR DEFENDANTS' COORDINATION PROPOSALS

Defendants' coordination proposals aim to reduce the inefficiencies that might otherwise arise out of the conduct of 16 substantially similar actions, in two separate courthouses, against 94 institutional defendants and 115 individual defendants, arising out of hundreds of securities purchased by the GSEs four to six years ago. Without significant steps to achieve coordination, up to 11 judges in this Court would be called upon to issue decisions on several fronts, including motions to dismiss. Duplication of effort would be inevitable. So, too, would differences in pace, progress and reasoning.

Defendants' coordination proposals, if adopted, would significantly reduce these inefficiencies. With all common issues determined through unified motion to dismiss briefing, suitable for submission to a single judge, all of the Cases would get off to the same start, guided by a common set of legal rulings. All parties would then have the benefit of the Court's

---

(iv) Credit Suisse Securities (USA) LLC (6): Nos. 11 Civ. 6188, 6193, 6200, 6739, 7010 and 7048;

(v) Deutsche Bank Securities Inc. (2): Nos. 11 Civ. 6192 and 6203;

(vi) Goldman, Sachs & Co. (3): Nos. 11 Civ. 6188, 6198 and 7010;

(vii) J.P. Morgan Securities LLC (4): Nos. 11 Civ. 6188, 6193, 6203 and 7010;

(viii) Morgan Stanley & Co. LLC (2): Nos. 11 Civ. 6739 and 7048;

(ix) RBS Securities Inc. (4): Nos. 11 Civ. 6188, 6201, 6739 and 7010; and

(x) UBS Securities LLC (3): Nos. 11 Civ. 5201, 6193 and 7010.

guidance prior to the second round of briefing. Defendants could then evaluate whether, in light of the Court's decision on the Common Dismissal Motions, any additional dismissal motions are necessary to address, for example, any outstanding legal issue, or how the decision applies to particular defendants, transactions or situations. Educated by that guidance, Defendants could promptly move to dismiss on such different or distinguishing grounds, on a relatively short schedule. Alternatively, staggering the briefing of Common and Non-Common Dismissal Motions by 30 days will at least enable Defendants better to coordinate the briefing so as to avoid unnecessary duplication between the Common and Non-Common Dismissal Motions. Once Remand Motions have been determined, Removed Cases that remain in this Court would join the Cases originally filed in this Court for further coordinated proceedings. Likewise, those individual Defendants whom Plaintiff may not have served in time to join the Common Dismissal Motions can join coordinated proceedings following service. In the interim, all parties would participate in discussions of how to coordinate discovery if motions to dismiss are denied in whole or in part.

Unlike Defendants' coordination proposals, the proposals Plaintiff has indicated it intends to pursue would do little or nothing to reduce inefficiency. We understand that Plaintiff has proposed that Defendants move to dismiss on all grounds on December 2, and that all issues—even common ones—be decided separately by each individual judge, perhaps after oral argument is heard by a "panel" of judges. Plaintiff also has said it may seek to pursue unspecified discovery during the pendency of dismissal motions, notwithstanding the PSLRA discovery stay.

The rationales Plaintiff has articulated to Defendants do not justify the inefficiencies Plaintiff's proposals threaten. For example, Plaintiff has said that it fears undue

delay from two rounds of dismissal briefing. However, there is no reason to believe that one judge would take longer to decide the Common Dismissal Motions, thereby guiding decision on non-common issues, than each of many judges would take to decide all issues at once.[9] In analogous groups of cases brought in various courts by other plaintiffs, experience has shown that lack of coordination only leads to more, not less, delay.

Even if in these Cases multiple judges could be expected to rule more expeditiously than one, incongruities in multiple rulings would likely occasion further motion practice (such as, for example, motions for reconsideration). In any event, the difference of months at most between serial briefing and simultaneous briefing is negligible in comparison to Plaintiff's decision to wait for at least four years (and as many as six years) after purchasing the securities at issue, and three years after Plaintiff's conservatorship, to commence these Cases.

---

[9] Plaintiff has not made clear whether its proposal for a "panel" of judges involves a single "panel" decision, or rather shared oral argument but separately issued decisions. Even if Plaintiff proposes a single "panel" decision, it remains unclear for how long and by what methods the empanelled judges might exchange views or drafts prior to any ruling, or for purposes of any concurrences or dissents.

\* \* \*

This Court correctly observed that these Cases "bear substantial similarities and raise similar issues." Defendants propose substantial coordination so that these Cases and the similar ones Plaintiff has brought may be efficiently and fairly decided. Defendants would be pleased to address these topics further if that might assist the Court.

Dated: October 19, 2011
New York, New York

Respectfully submitted,

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

*Attorneys for Defendants Deutsche Bank AG, Taunus Corporation, Deutsche Bank Securities Inc., DB Structured Products, Inc., Ace Securities Corp., and MortgageIT Securities Corp.*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036

*Attorneys for UBS Americas Inc., UBS Real Estate Securities Inc., UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc., David Martin, Per Dyrvik, Hugh Corcoran and Peter Slagowitz*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Defendants HSBC North America Holdings Inc., HSBC USA Inc., HSBC Markets (USA) Inc., HSBC Bank USA, NA., and HSI Asset Securitization Corporation*

/s/ Brad S. Karp
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

*Attorneys for Defendants Citigroup Inc., Citigroup Mortgage Loan Trust Inc., Citigroup Global Markets Inc., Citigroup Global Markets Realty Corp., Susan Mills, Randall Costa, Scott Freidenrich, Richard A. Isenberg, Mark I. Tsesarsky, Peter Patricola, Jeffrey Perlowitz, and Evelyn Echevarria*

/s/ James P. Rouhandeh
James P. Rouhandeh (rouhandeh@davispolk.com)
Brian S. Weinstein (brian.weinstein@davispolk.com)
Daniel J. Schwartz (daniel.schwartz@davispolk.com)
Nicholas N. George (nicholas.george@davispolk.com)
Jane M. Morril (jane.morril@davispolk.com)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital, Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, and Saxon Asset Securities Company, Gail P. McDonnell, Howard Hubler, Craig S. Phillips, Alexander C. Frank, David R. Warren, John E. Westerfield, and Steven S. Stern*

/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Attorneys for Defendants First Horizon National Corporation, First Tennessee Bank National Association, FTN Financial Securities Corporation, First Horizon Asset Securities, Inc., Gerald L. Baker, Peter F. Makowiecki, Charles G. Burkett, and Thomas J. Wageman*

/s/ Penny Shane
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation, and certain of the Individual Defendants*

/s/ David H. Braff
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Barclays Capital Inc. Barclays Bank PLC, Securitized Asset Backed Receivables LLC, Paul Menefee, John Carroll, and Michael Wade*

/s/ Gerson A. Zweifach
Gerson A. Zweifach (gzweifach@wc.com)
Steven M. Cady (scady@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

*Attorneys for Bank of America Corporation; Bank of America, N.A.; Asset Backed Funding Corp.; Banc of America Funding Corp.; Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Capital Inc., First Franklin Financial Corp., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Government Securities, Inc., and Merrill Lynch, Pierce, Fenner & Smith Inc.*

/s/ Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Goldman, Sachs & Co, GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., and Goldman Sachs Real Estate Funding Corp.*

/s/ Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Michael Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Attorneys for Credit Suisse Securities (USA) LLC, Credit Suisse Holdings (USA), Inc., Credit Suisse (USA), Inc., DLJ Mortgage Capital, Inc., Credit Suisse First Boston Mortgage Securities Corporation, Asset Backed Securities Corporation, and Credit Suisse First Boston Mortgage Acceptance Corporation*

/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants Nomura Securities International, Inc., Nomura Holding America Inc., Nomura Asset Acceptance Corporation, Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc., David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and N. Dante Larocca*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George A. Zimmerman (george.zimmerman@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY 10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Mortgage
Finance Corp., SG Mortgage Securities, LLC,
Arnaud Denis, Abner Figueroa, Tony Tusi, and
Orlando Figueroa*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Ally Financial Inc., GMAC
Mortgage Group, Inc., Residential Capital LLC,
GMAC-RFC Holding Company, LLC,
Residential Funding Company, LLC, Ally
Securities, LLC, Residential Asset Mortgage
Products, Inc., Residential Asset Securities
Corporation, and Residential Accredit Loans,
Inc.*

/s/ Daniel C. Zinman
Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE
One World Financial Center
New York, NY 10281

*Attorneys for Robert Caruso, Adam D.
Glassner, Juliana Johnson, Michael J. Kula,
William L. Maxwell, Antoine Schetritt, Matthew
Whalen, Donald J. Puglisi, and Paul Park*

/s/ Greg A. Danilow
Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick (vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for General Electric Company,
General Electric Capital Services, Inc., GE
Mortgage Holding, LLC, and GE-WMC
Securities, LLC*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

*Attorneys for Defendant RBS Securities Inc.*