UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>        Plaintiff,<br><br>      -v-<br><br>UBS AMERICAS, INC., *et al*.<br><br>        Defendants. | **Case No. 11 CIV. 5201 (DLC)**<br><br>**JOINT REPORT REGARDING CERTAIN CASE MANAGEMENT ISSUES** |

Other Cases Brought By Plaintiff:

11 Civ. 6188 (DLC)
11 Civ. 6189 (DLC)
11 Civ. 6190 (DLC)
11 Civ. 6192 (DLC)
11 Civ. 6193 (DLC)
11 Civ. 6195 (DLC)
11 Civ. 6196 (DLC)
11 Civ. 6198 (DLC)
11 Civ. 6200 (DLC)
11 Civ. 6201 (DLC)
11 Civ. 6202 (DLC)
11 Civ. 6203 (DLC)
11 Civ. 6739 (DLC)
11 Civ. 6916 (DLC)
11 Civ. 7010 (DLC)
11 Civ. 7048 (DLC)

      Pursuant to this Court's order dated December 5, 2011 in the above-captioned cases (the

"Cases"), Plaintiff Federal Housing Finance Agency ("Plaintiff"), as Conservator for the Federal

National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage

Corporation ("Freddie Mac") (together, the "GSEs"), and each Defendant in the Cases

("Defendants") submit this joint report regarding the following issues:  (i) a protective order; (ii)

electronic discovery; (iii) limits on depositions and interrogatories; (iv) sequence of and timeframes for certain discovery and other activities; and (v) sampling of loan origination files. The parties agree that the proposals set forth in this report may be modified in light of subsequent developments, and that none of the positions expressed herein will prejudice any party's rights to seek or object to any relief.[1]

## I.   PROTECTIVE ORDER

The parties continue to negotiate a proposed stipulated protective order, and expect either to reach an agreement on the terms of such proposed order or to submit any areas of dispute to the Court during the week of January 23, 2012.

## II.   ELECTRONIC DISCOVERY

The parties continue to negotiate a proposed stipulation regarding electronic discovery, and expect to reach an agreement on the terms of such stipulation for submission to the Court on or before January 18, 2012.

## III.   LIMITS ON DEPOSITIONS

### A.   One Deposition Rule

In general, each witness will be deposed only once, including where such witness possesses relevant knowledge that bears on more than one Case.  Any party may seek to extend or reopen a deposition for good cause shown.  The parties will negotiate in good faith in an effort to reach agreement on a deposition protocol addressing, among other things, the numbers of lawyers examining the witness, the number of lawyers objecting to questioning of the witness,

---

[1]   This Joint Report will apply only to those actions filed by Plaintiff FHFA that are currently pending before this Court or that are transferred or ultimately removed to this Court. For example, the Judicial Panel on Multidistrict Litigation (the "JPML") has conditionally transferred 11 Civ. 6916 to the United States District Court for the Central District of California for coordination there with the other cases pending in the Countrywide MBS MDL.  This Joint Report will not apply to case 6916 unless the JPML grants FHFA's pending motion to vacate the conditional transfer order.

the admissibility of such depositions in the Cases, the form and effect of objections, the noticing of depositions, the scheduling of depositions, the marking and introduction of exhibits, the location of depositions, the transcription and video recording of depositions, costs and allocations of deposition time.

      **B.**      **Limitations on Time and Number**

The parties agree that there should be limitations on both the number of depositions (or total deposition days), and the amount of time any particular witness is deposed.  Although the parties have been unable to reach agreement on the number of depositions (or total deposition days) in the Cases, the parties agree that depositions of current and former employees, and officers and directors of a party, will count towards any numerical limit on party depositions. Each party agrees to make reasonable efforts to facilitate the deposition of any of its former employees, officers, and directors.

The parties also agree that there should be limitations on the number of third-party depositions and the number of depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6).

Although the parties have been unable to reach agreement on the length of time for each deposition, the parties agree that the length of any deposition of any witness will be determined based on factors including, but not limited to, the number of Cases in which the witness's employer (or former employer) or any of its affiliates is named as a party, the number of Securitizations in which the witness played a role, the documents that are collected and/or produced in discovery relating to that witness, and the number of Cases, Securitizations or other relevant matters to which the witness's activities and information relate.  Following initial discovery to be conducted in accordance with the pretrial schedule entered by this Court, the

parties shall meet and confer to attempt to agree on a reasonable method for calculating the number of deposition days for each witness.

## IV.     LIMITS ON INTERROGATORIES

The parties agree that Plaintiff and Defendants as a group will each serve on the other a single set of interrogatories regarding common factual issues while reserving the right to serve additional targeted interrogatories addressed to certain Securitizations or other Case-specific issues.

Although the parties agree that any interrogatories served will be subject to the scope limitations of Fed. R. Civ. P. 33(b) and Local Civil Rule 33.3, and that there should be limitations on the number of interrogatories served, they have been unable to reach agreement on the maximum number of interrogatories.

## V.      SEQUENCING OF DISCOVERY

### A.     Document Custodians and Search Terms

Prior to the production of documents, Plaintiff and each Defendant agree to exchange the names and titles of the document custodians whose files, both electronic and hard copy, the party intends to search for purposes of discovery in the Cases.  Plaintiff and each Defendant reserve the right to modify or supplement such lists of document custodians.

Following a meet and confer, each group of affiliated Defendants agrees to jointly provide a proposed single set of search terms that it expects to employ for the purpose of locating and gathering electronic documents of that group of affiliated Defendants for production to Plaintiff.  Similarly, Plaintiff agrees to provide a proposed single set of search terms that it expects to employ for the purpose of locating and gathering electronic documents of Plaintiff for production to Defendants.  All parties agree that such proposed search terms may be supplemented as necessary based on the documents produced in discovery.  Further, Plaintiff and

4

Defendants reserve the right to make targeted search term proposals addressed to certain Securitizations or other Case-specific issues.

      **B.**      **Prioritized Documents**

The parties agree to meet and confer regarding the documents sought to be prioritized by each side.  All parties reserve all rights to object to requests for production or for prioritization of production of some or all of the below materials, and/or to seek such relief from the Court as may be appropriate regarding scope of document discovery, the protection of borrower information, disputes as to costs of production, or on privilege grounds.  Any production of documents will be subject to the entry of a protective order or orders, as contemplated in Section I above.

Plaintiff has informed Defendants that it is seeking to prioritize the production of the following categories of documents:  (i) loan origination and servicing files, (ii) loan underwriting guidelines, (iii) documents produced to government agencies relating to policies, practices and/or procedures in the origination, underwriting and/or selling of mortgage loans in the secondary market through the securitization process, (iv) any reports or findings regarding the mortgage loans or samples of mortgage loans reviewed by third party due diligence firms on behalf of the securities underwriter or broker dealer defendants; (v) any prior deposition transcripts of witnesses from other RMBS litigations (whether involving Defendants or others), who were involved in the origination, underwriting and/or selling of mortgage loans in the secondary market through the securitization process; and (vi) any transcripts of Defendant witnesses who testified before any government committee, subcommittee, regulatory agency, or investigatory body on the origination, underwriting and/or selling of mortgage loans in the secondary market through the securitization process.

Defendants have informed Plaintiff that they are seeking to prioritize the production of (i) documents concerning FHFA, Fannie Mae and Freddie Mac's organizational structure, including, from 2004–2008, the names of departments, department heads, and personnel responsible for, involved in analyzing, or involved in the decision to purchase each of the Securitizations; (ii) documents, communications, testimony, investigations or inquiries whether created by the GSEs or by others (including but not limited to regulators and Congressional committees) concerning, relating to, referring to, describing, evidencing or constituting the GSEs' policies, practices, procedures, knowledge, awareness, analysis, discussion of, or receipt of information concerning loan origination or underwriting activities or risks for each of the Securitizations (individually or collectively), or the general loan origination practices and general underwriting practices of those loan originators, appraisers, due diligence firms or others that participated in the Securitizations; (iii) documents produced to and transcripts of interviews and depositions taken by or on behalf of certain government entities, agencies, congressional committees and the FCIC concerning, relating to, referring to, describing, evidencing or constituting policies, practices and/or procedures of Fannie Mae or Freddie Mac in the origination, underwriting and/or selling of mortgage loans in the secondary market through the securitization process, or in the purchasing of such securitizations; and (iv) any reports or findings regarding the mortgage loans or samples of mortgage loans in the Securitizations at issue.

In addition, if, following the Court's ruling on the motion to dismiss in 11 Civ. 5201, it appears that there are potentially dispositive issues that can be promptly resolved after some targeted discovery, the parties reserve the right to argue that such discovery should be prioritized.

**C.      Order of Discovery**

The parties agree that interrogatories and document requests may be served any time after fact discovery commences, and that interrogatories and document requests may be served concurrently.

The parties further agree that certain 30(b)(6) depositions relating to the identity of relevant document custodians, the location of relevant documents, relevant electronic systems used in the ordinary course of each party's business, and other topics to be reasonably agreed by the parties or ordered by the Court, may occur prior to the completion of document discovery; provided, however, that the parties will endeavor to conduct all other depositions only after document production related to the deponent has been substantially completed.

**VI.    PRETRIAL SCHEDULE**

Subject to review in light of the Court's decision in 11 Civ. 5201, the parties agree on the following pretrial schedule:

1.      Discovery Stay:  Within 14 days of the ruling on the motion to dismiss in 11 Civ. 5201, any Defendants that believe a stay of discovery is appropriate as to those Defendants or in their Case pending resolution of their motion to dismiss shall file a motion with the Court. Plaintiff will have 7 days to respond.  The parties disagree as to whether a stay of discovery would be in place during the pendency of any such motion.

2.      Rule 26(f) Conference:  The parties will participate in a Rule 26(f) conference within 14 days following this Court's decision on the motion to dismiss in 11 Civ. 5201.  In accordance with Rule 26(f), the parties will have developed a further plan for discovery in advance of the Rule 26(f) Conference.

3.      Rule 26(a) Disclosures:  The parties will exchange proposals regarding initial disclosures of some or all of the items identified in Fed. R. Civ. P. 26(a)(1) at or before the Rule

7

26(f) Conference.  The proposals will set out time frames not to exceed 30 days following this Court's decision on the motion to dismiss in 11 Civ. 5201 to exchange the proposed initial disclosures.

4.      Document Discovery:  The parties were not able to reach agreement as to the timing for completion of document discovery.

5.      Deposition Discovery:  The parties were not able to reach agreement as to the timing for completion of deposition discovery.

6.      Expert Discovery:

(a)      In advance of the deadline to file initial expert reports, each party will disclose the topics of that party's anticipated initial expert reports.  Following such disclosure, the parties will meet and confer on any issues where there is a disagreement about which party bears the burden of proof.  The parties will also meet and confer about the time to serve responsive reports, and each party reserves its right to seek additional time beyond that specified in (b) and (c) if any expert report is based on analysis of voluminous data.

(b)      Each party who bears the burden of proof concerning an issue with respect to which it intends to submit expert evidence will identify its experts as to that issue, if any, and submit its expert report(s) related thereto, within 60 days after the close of deposition discovery.

(c)      Responsive reports, or initial reports by a party that does not bear the burden of proof concerning an issue, will be due no later than 60 days after the parties have provided their initial expert reports.

(d)      Any expert depositions will commence after the exchange of any responsive reports, and will be completed within 60 days after the parties have exchanged their responsive expert reports.

7.      Dispositive Motions:

(a)      Summary judgment motions may be filed at any time up to 45 days after the close of expert discovery.

(b)      Oppositions to any motion for summary judgment will be filed within 45 days of the date such motion is filed.

(c)      Reply briefs in support of summary judgment will be filed within 20 days

8

of the filing of the opposition to such motion(s).

**VII.    USE OF STATISTICAL SAMPLING**

The parties agree on the following schedule with regard to statistical sampling:

1.       Before January 30, 2012, the parties shall meet-and-confer regarding the use of statistical sampling as a method of proof in this action.  On or before February 3, 2012, the parties shall report to the Court on the status of those discussions and proposed next steps, if any.

*       *       *

The parties are available at the Court's convenience to further discuss this joint case management plan.

Dated: January 10, 2012
       New York, New York

Respectfully submitted,


/s/  Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 100 10
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. UBS Americas, Inc., FHFA
v. JPMorgan Chase & Co., FHFA v. Deutsche
Bank AG, FHFA v. Citigroup Inc., and FHFA v.
Goldman, Sachs & Co.*

/s/  Marc E. Kasowitz
Marc E. Kasowitz (mkasowitz@kasowitz.com )
Hector Torres (htorres@kasowitz.com)
Michael S. Shuster (mshuster@kasowitz.com )
Christopher P. Johnson
(cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com )
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
    FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. Ally Financial Inc., FHFA
v. General Electric Company, FHFA v. Morgan
Stanley, and FHFA v. SG Americas, Inc.*


/s/  Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. First Horizon National
Corp., FHFA v. Bank of America Corp., FHFA
v. Credit Suisse Holdings (USA), Inc., and
FHFA v. Countrywide Financial Corp.*

/s/  Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. UBS Americas, Inc., FHFA
v. JPMorgan Chase & Co., FHFA v. Barclays
Bank PLC, FHFA v. Citigroup Inc., and FHFA
v. Merrill Lynch & Co., Inc.*

/s/  Richard A. Schirtzer

Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. HSBC North America
Holdings, Inc. and FHFA v. Nomura Holding
America, Inc.*

/s/ Robert F. Serio

Robert F. Serio (RSerio@gibsondunn.com)
Aric H. Wu (AWu@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166

*Attorneys for Citigroup Global Markets, Inc.,
Deutsche Bank Securities Inc., RBS Securities
Inc. and UBS Securities LLC*

/s/ Thomas C. Rice

Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG,
Taunus Corporation, Deutsche Bank Securities
Inc , DB Structured Products, Inc., Ace
Securities Corp., Mortgage IT Securities Corp.*

/s/ Richard A. Spehr

Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America
Holdings Inc., HSBC USA Inc., HSBC Markets
(USA) Inc., HSBC Bank USA, NA., HSI Asset
Securitization Corporation*

/s/ Jay. B. Kasner

Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants UBS Americas Inc.,
UBS Real Estate Securities Inc., UBS Securities
LLC, Mortgage Asset Securitization
Transactions, Inc., David Martin, Per Dyrvik,
Hugh Corcoran and Peter Slagowitz*

/s/ Brad. S. Karp

Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup
Mortgage Loan Trust Inc., Citigroup Global
Markets Realty Corp., Citigroup Global
Markets Inc.*

/s/ James R. Rouhandeh
James R. Rouhandeh
Brian S. Weinstein
Daniel J. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017

*Attorneys for Defendants Morgan Stanley,
Morgan Stanley & Co. Incorporated (n/k/a
Morgan Stanley & Co. LLC), Morgan Stanley
Mortgage Capital Holdings LLC (successor-in-
interest to Morgan Stanley Mortgage Capital
Inc.), Morgan Stanley ABS Capital I Inc.,
Morgan Stanley Capital I Inc., Saxon Capital,
Inc., Saxon Funding Management LLC, Saxon
Asset Securities Company, Gail P. McDonnell,
Howard Hubler, Craig S. Phillips, Alexander C.
Frank, David R. Warren, John E. Westerfield,
and Steven S. Stern*

/s/ Bruce. E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants First Horizon
National Corporation, First Tennessee Bank
National Association, FTN Financial Securities
Corporation, First Horizon Asset Securities,
Inc.*

/s/ Penny Shane
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Defendants JPMorgan Chase &
Co., JPMorgan Chase Bank, N.A., J.P. Morgan
Mortgage Acquisition Corporation, J.P.
Morgan Securities LLC, J.P. Morgan
Acceptance Corporation I, Bear Stearns & Co.,
Inc., EMC Mortgage LLC, Structured Asset
Mortgage Investments II Inc., Bear Stearns
Asset Backed Securities I LLC, WaMu Asset
Acceptance Corporation, WaMu Capital
Corporation, Washington Mutual Mortgage
Securities Corporation, Long Beach Securities
Corporation and certain of the Individual
Defendants*

/s/ David H. Braff
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Barclays Capital Inc. Barclays
Bank PLC, Securitized Asset Backed
Receivables LLC, Paul Menefee, John Carroll,
and Michael Wade*

/s/ David Blatt
David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

*Attorneys for Bank of America Corporation;
Bank of America, N.A.; Asset Backed Funding
Corp.; Banc of America Funding Corp.; Merrill
Lynch & Co., Inc., Merrill Lynch Mortgage
Lending, Inc., Merrill Lynch Mortgage Capital
Inc., First Franklin Financial Corp., Merrill
Lynch Mortgage Investors, Inc., Merrill Lynch
Government Securities, Inc., Merrill Lynch,
Pierce, Fenner & Smith Inc.*

/s/ Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Attorneys for Credit Suisse Securities (USA),
Credit Suisse Holdings (USA), Inc., Credit
Suisse (USA), Inc., DLJ Mortgage Capital, Inc.,
Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities
Corporation, Credit Suisse First Boston
Mortgage Acceptance Corporation, Andrew A.
Kimura, Jeffrey A. Altabef, Eveleyn Echevarria,
Michael A. Marriott, Zev Kindler, John P.
Graham, Thomas E. Siegler, Thomas Zingalli,
Carlos Onis, Steven L. Kantor, Joseph M.
Donovan, Juliana Johnson, and Greg Richter*

/s/ Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Goldman, Sachs & Co, GS
Mortgage Securities Corp., Goldman Sachs
Mortgage Company, The Goldman Sachs
Group, Inc., Goldman Sachs Real Estate
Funding Corp., Peter C. Aberg, Howard S.
Altarescu, Robert J. Christie, Kevin Gasvoda,
Michelle Gill, David J. Rosenblum, Jonathan S.
Sobel, Daniel L. Sparks, and Mark Weiss*

/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants Nomura Securities
International, Inc., Nomura Holding America
Inc., Nomura Asset Acceptance Corporation,
Nomura Home Equity Loan, Inc., Nomura
Credit & Capital, Inc.*

/s/ Jay. B. Kasner

Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman (george.zimmerman@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Americas
Securities, LLC, SG Mortgage Finance Corp.,
and SG Mortgage Securities, LLC, Arnaud
Denis, Abner Figueroa, Tony Tusi, and Orlando
Figueroa*

/s/ Greg A. Danilow

Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick (vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY  10153

*Attorneys for General Electric Company,
General Electric Capital Services, Inc., GE
Mortgage Holding, LLC, GE-WMC Securities,
LLC*

/s/ Mark Holland

Mark Holland
(mholland@goodwinprocter.com)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel. (212) 813-8800

Brian E. Pastuszenski
(bpastuszenski@goodwinprocter.com)
Don M. Kennedy
(dkennedy@goodwinprocter.com)
John J. Falvey (jfalvey@goodwinprocter.com)
John B. Daukas (jdaukas@goodwinprocter.com)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02110
Tel. (617) 570-1000

*Attorneys for Countrywide Financial
Corporation, Countrywide Home Loans, Inc.,
Countrywide Capital Markets, LLC,
Countrywide Securities Corporation, CWALT,
Inc., CWABS, Inc., CWMBS, Inc. and N. Joshua
Adler*

/s/ Sandra D. Hauser

Sandra D. Hauser
(sandra.hauser@ snrdenton.com)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins, Craig Davis,
Megan Davidson and Marangal Domingo*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Ally Financial Inc., GMAC*
*Mortgage Group, Inc., Residential Capital LLC,*
*GMAC-RFC Holding Company, LLC,*
*Residential Funding Company, LLC, Ally*
*Securities, LLC, Residential Asset Mortgage*
*Products, Inc., Residential Asset Securities*
*Corporation, and Residential Accredit Loans,*
*Inc.*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

*Attorneys for Defendant RBS Securities Inc.*

/s/ Daniel C. Zinman
Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281

*Attorneys for George C. Carp, Robert Caruso,*
*George E. Ellison, Adam D. Glassner, Daniel B.*
*Goodwin, Juliana Johnson, Michael J. Kula,*
*William L. Maxwell, Mark I. Ryan, and Antoine*
*Schetritt; Matthew Whalen; Brian Sullivan;*
*Michael McGovern; Donald Puglisi; Paul Park,*
*and Donald Han*

/s/ Dani R. James
Dani R. James (djames@kramerlevin.com)
Jade A. Burns (jburns@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL
LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jeffrey L. Verschleiser*

/s/ Joel C. Haims
Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael*
*Nierenberg*