UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :   11 Civ. 5201 (DLC)
                                        Plaintiff,                   :
                        v.                                           :
                                                                     :
UBS AMERICAS, INC., et al.,                                          :
                                                                     :
                                        Defendants.                  :
-------------------------------------------------------------------- x
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :   11 Civ. 6188 (DLC)
                                        Plaintiff,                   :
                        v.                                           :
                                                                     :
JPMORGAN CHASE & CO., et al.,                                        :
                                                                     :
                                        Defendants.                  :
-------------------------------------------------------------------- x
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :   11 Civ. 6189 (DLC)
                                        Plaintiff,                   :
                        v.                                           :
                                                                     :
HSBC NORTH AMERICA HOLDINGS, INC., et                                :
al.,                                                                 :
                                                                     :
                                        Defendants.                  :
-------------------------------------------------------------------- x
                                                                     :
                                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                                :
                                                                     :   11 Civ. 6190 (DLC)
                                        Plaintiff,                   :
                        v.                                           :
                                                                     :
BARCLAYS BANK PLC, et al.,                                           :
                                                                     :
                                        Defendants.                  :
-------------------------------------------------------------------- x

```
------------------------------------------------------------------ x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                          Plaintiff,                               :   11 Civ. 6192 (DLC)
                                                                   :
                 v.                                                :
                                                                   :
DEUTSCHE BANK AG, et al.,                                          :
                                                                   :
                          Defendants.                              :
------------------------------------------------------------------ x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                          Plaintiff,                               :   11 Civ. 6193 (DLC)
                                                                   :
                 v.                                                :
                                                                   :
FIRST HORIZON NATIONAL CORP., et al.,                              :
                                                                   :
                          Defendants.                              :
------------------------------------------------------------------ x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                          Plaintiff,                               :   11 Civ. 6195 (DLC)
                                                                   :
                 v.                                                :
                                                                   :
BANK OF AMERICA CORP., et al.,                                     :
                                                                   :
                          Defendants.                              :
------------------------------------------------------------------ x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                          Plaintiff,                               :   11 Civ. 6196 (DLC)
                                                                   :
                 v.                                                :
                                                                   :
CITIGROUP INC., et al.,                                            :
                                                                   :
                          Defendants.                              :
------------------------------------------------------------------ x
```

------------------------------------------------------------ x
                                                 :

FEDERAL HOUSING FINANCE AGENCY, etc.,    :

                 Plaintiff,    :    11 Civ. 6198 (DLC)

         v.    :

GOLDMAN, SACHS & CO., et al.,    :

             Defendants.    :
------------------------------------------------------------ x
                                                 :

FEDERAL HOUSING FINANCE AGENCY, etc.,    :

                 Plaintiff,    :    11 Civ. 6200 (DLC)

         v.    :

CREDIT SUISSE HOLDINGS (USA), INC., et al.,    :

             Defendants.    :
------------------------------------------------------------ x
                                               :

FEDERAL HOUSING FINANCE AGENCY, etc.,    :

                 Plaintiff,    :    11 Civ. 6201 (DLC)

         v.    :

NOMURA HOLDING AMERICA, INC., et al.,    :

             Defendants.    :
------------------------------------------------------------ x
                                               :

FEDERAL HOUSING FINANCE AGENCY, etc.,    :

                 Plaintiff,    :    11 Civ. 6202(DLC)

         v.    :

MERRILL LYNCH & CO., INC., et al.,    :

             Defendants.    :
------------------------------------------------------------ x

```
------------------------------------------------------------------ x
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :   11 Civ. 6203 (DLC)
                            Plaintiff,                              :
              v.                                                    :
                                                                    :
SG AMERICAS, INC., et al.,                                          :
                                                                    :
                            Defendants.                             :
------------------------------------------------------------------ x
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :   11 Civ. 6739 (DLC)
                            Plaintiff,                              :
              v.                                                    :
                                                                    :
MORGAN STANLEY, et al.,                                             :
                                                                    :
                            Defendants.                             :
------------------------------------------------------------------ x
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :   11 Civ. 7010 (DLC)
                            Plaintiff,                              :
              v.                                                    :
                                                                    :
ALLY FINANCIAL INC., et al.,                                        :
                                                                    :
                            Defendants.                             :
------------------------------------------------------------------ x
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :   11 Civ. 7048 (DLC)
                            Plaintiff,                              :
              v.                                                    :
                                                                    :
GENERAL ELECTRIC COMPANY, et al.,                                   :
                                                                    :
                            Defendants.                             :
------------------------------------------------------------------ x
```

**DEFENDANTS' SEPARATE SUBMISSION REGARDING
THE PARTIES' PROPOSED PROTECTIVE ORDERS**

Although the parties have agreed on most aspects of the proposed Protective Order in the above-captioned actions ("Actions"), the parties are at an impasse as to four provisions.[1] Generally, the disputes reflect Plaintiff's insistence that it should enjoy greater rights to access and disseminate protected materials than any other party to the Actions—rights that are far more expansive than is typical in civil litigation, and which are out of place in a protective order.

*First*, Plaintiff insists that document discovery should be kept separate for each Action, such that each Defendant would be permitted to see only those confidential documents produced in each Action to which it is a party, while Plaintiff, by virtue of its being a party to every Action, would enjoy the ability to access all documents across all of the Actions. Such an impractical and unfair arrangement for sharing documents would severely impede coordination of the Actions and would prejudice Defendants' rights to defend themselves. In particular, separating confidential documents into silos for each Action, such that each Defendant would be permitted to see only a subset of the documents produced in the Actions, would preclude efficient coordination of depositions, to which the parties had previously agreed. Defendants also would be severely hampered in their ability to develop and present to the Court common issues, including their defense that Fannie Mae and Freddie Mac (the "GSEs") knew about the loan origination practices and other matters about which Plaintiff now complains. *See infra*, Section I.

---

[1] Attached hereto are: (i) Exhibit 1, Defendants' Proposed Protective Order; (ii) Exhibit 2, Plaintiff's Proposed Protective Order; and (iii) Exhibit 3, a redline comparing Defendants' Proposed Protective Order with Plaintiff's Proposed Protective Order.

*Second*, Plaintiff seeks permission to use any of Defendants' "Confidential Material" or "Highly Confidential Material" produced in these civil Actions to report, in Plaintiff's sole discretion, any "actual or potential violation of law" to any federal governmental or regulatory authority.  Such a provision threatens to undermine substantially the protections provided by the order because it would empower Plaintiff to share with any governmental authority any information about these Actions, which are premised on alleged violations of securities law. Defendants believe such a "reporting" provision has no place in a protective order for these Actions.  *See infra*, Section II.

*Third*, Plaintiff seeks a one-way right to share Defendants' "Highly Confidential Material" with any number of unidentified individuals in various FHFA departments, as well as with any "subject matter expert at a federal government or regulatory agency," so long as in Plaintiff's view the sharing of Defendants' "Highly Confidential Material" in such a manner would "carry out FHFA's regulatory function."  Such an expansion, rather than limitation, on dissemination of Defendants' most confidential documents lacks logic—not least because FHFA's "regulatory function" does not include regulating any of the Defendants—and would further undermine the purpose of the protective order.  *See infra*, Section III.

*Fourth*, Defendants request inclusion of a provision permitting a party to designate as "Confidential Material" (or to upwardly designate as "Highly Confidential Material") *its own* confidential information where such information has been produced by a non-party without the appropriate confidentiality designation in the first instance.  Such a provision is not uncommon and is necessary because third parties—who may be requested to produce voluminous materials in these Actions—likely will lack the incentives and resources to carefully designate as

2

confidential those documents that include the confidential information of others.  *See infra*,

Section IV.

Plaintiff provides no precedent or support for any of its positions on these issues, much

less for its stance that one party in a coordinated, multi-party litigation should be accorded such

preferential treatment and that the protections provided to Defendants should be so easily

undermined.  Plaintiff's proposals are unfair and unworkable and should be rejected.

## I.    Parties' Access to Materials Across Actions (Section 7).

The most significant area of disagreement concerns the parties' access to confidential

discovery materials produced in these Actions.  In order to coordinate the Actions efficiently,

Defendants propose that the protective order permit all parties to any of the Actions to access all

documents produced in any of the Actions.[2]  *See* Defendants' Proposed Protective Order (Ex. 1)

§§ 7.1 -7.6.  This proposal is simple, fair, and appropriate for a coordinated proceeding such as

this one.

By contrast, Plaintiff proposes that each Defendant be permitted to see only those

documents that are produced in each Action to which it is a party.  Plaintiff, however, by virtue

of being a party to every Action, would be able to access all documents produced by any

Defendant in any Action.  In other words, Plaintiff would litigate these Actions with access to all

---

[2] Because of the unique concerns presented by Non-Party Borrower Information (i.e., the personally identifiable information provided by borrowers) contained in loan files, Defendants' proposal incorporates the narrow restriction that "Loan origination files may be accessed or used only in an Action in which FHFA asserts a claim on a certificate backed by such loan(s)." Defendants' Proposed Protective Order (Ex. 1) § 7.1.  Ally Financial Inc. and its subsidiary defendants in the 11 Civ. 7010 Action ("Ally Defendants") are filing a separate submission proposing a supplemental order containing additional safeguards against the unauthorized disclosure and use of Non-Party Borrower Information.  The Ally Defendants expect to make their submission in the near term and are in the process of negotiating a timeline for that submission with Plaintiff.  No other Defendant joins in the Ally Defendants' proposed supplemental order or submission.

documents produced, but for Defendants those documents would be segregated into 16 separate silos so that each Defendant could see only a subset of the documents produced. *See* Plaintiff's Proposed Protective Order (Ex. 2) §§ 7.1, 7.3, 7.4 (allowing disclosure to specified persons in the Action(s) "in which the Material was Produced"). Plaintiff's approach is unworkable and unfair, would undermine the orderly and efficient conduct of this litigation, and even conflicts with the coordination that Plaintiff itself has proposed.

*First*, in prior submissions to the Court, the parties agreed (at Plaintiff's request) that "in general, each witness will be deposed only once, including where such witness possesses relevant knowledge that bears on more than one Case."[3]  Joint Report, Jan. 11, 2012, at 2. Plaintiff's proposal for siloing documents would prevent Defendants from meaningfully questioning any witness at a single deposition on a coordinated basis, because the deposing Defendant would not be able to review, let alone question the witness about, all potentially relevant documents. Under Plaintiff's proposal, when a GSE witness is deposed, Plaintiff would be the only party with access to all of the documents about which different Defendants may want to question that witness; no single Defendant would have access to all of the witness's documents that have been produced. Indeed, Plaintiff's proposal would seemingly require that each Defendant's counsel leave the deposition room when a witness is questioned about "Confidential Material" to which that Defendant is not allowed access.[4]  Since certain Defendants are named in more than one Action and certain witnesses are likely to have knowledge that is relevant across more than one Action, it would be difficult if not impossible to

---

[3] Plaintiff has repeatedly advocated the coordination of depositions across all Actions. *See*, *e.g.*, Plaintiff's Report, Jan. 11, 2012, at 3.

[4] Such testimony would, of course, be inadmissible against any Defendant whose counsel did not have an opportunity to examine the witness.

4

know in advance of a deposition, or a line of questioning at a deposition, which lawyers should be coming or going.  Plaintiff's proposal would achieve the *opposite* of coordination and would undermine any efforts at orderliness and efficiency in discovery.[5]

*Second*, Plaintiff's proposal would unfairly interfere with Defendants' development and presentation of common issues to the Court, such as the GSEs' knowledge about the loan origination practices about which FHFA now complains.  Plaintiff has alleged that Defendants made omissions or misrepresentations concerning loan origination practices and that, at the time the GSEs purchased the Certificates, they did not know and could not have known of these alleged misstatements and omissions.  Consequently, the GSEs' knowledge of loan origination practices is one of the central common issues for discovery and early adjudication by this Court, both with respect to statutes of limitations as well as the merits of Plaintiff's claims.  The GSEs had extensive dealings across the RMBS industry, including direct dealings with various Defendants, as well as their own substantial businesses securitizing mortgage loans from the same originators whose practices FHFA now claims the GSEs did not know about.  The GSEs' knowledge and sophistication will be a common issue across the Actions, supportable through common evidence, and it is critical that Defendants be able to coordinate their defenses, positions, and presentations to the Court on this case-dispositive issue.

---

[5] Plaintiff has suggested deferring resolution of how documents will be used and disseminated at depositions until the parties negotiate a deposition protocol.  That negotiation would be doomed by the protective order provisions Plaintiff presently advocates.  Under Plaintiff's proposal, the protective order would limit access to documents to certain categories of persons in each Action, precluding Defendants from sharing Confidential Material with other Defendants in the coordinated Actions from the outset, not just in the context of depositions.  To know who will be deposed and on what documents, counsel must have access to the documents in the first place. To present a full and complete record at summary judgment or trial, counsel must have access to the documents regardless of whether those documents became deposition exhibits.  This issue is not simply a question of how depositions are conducted, but cuts to the primary purpose of a protective order—identifying persons who may access confidential discovery materials.

If the GSEs' documents are separated into 16 different silos, as Plaintiff proposes, discovery and presentation of such key common issues to this Court necessarily will be fragmented and uncoordinated among Defendants.  Indeed, under Plaintiff's siloing proposal, Plaintiff could produce documents to a Defendant for use in one of the Actions in which that Defendant is a party, but not in other Actions in which that same Defendant is also a party. Plaintiff's proposal would require counsel to attempt to achieve the impossible:  to cabin their knowledge of documents received in one Action from use in another Action.  Counsel for different Defendants also would be restricted in the information, documents, and legal strategies they could share with each other, chilling every discussion among Defendants concerning documents and information produced by Plaintiff.

## II.   Plaintiff's Proposed Use of "Confidential Material" and "Highly Confidential Material" to Report "Actual or Potential Violations of Law" (Section 7.1.5).

Plaintiff asserts that it should be permitted, in its sole discretion, to "undertak[e] its own regulatory or investigative action," to "disclos[e] to any federal governmental or regulatory authority any actual or potential violation of law [of] which FHFA becomes aware through its receipt of Discovery Material," and to "disclos[e] such Discovery Material to that authority." *See* Plaintiff's Proposed Protective Order (Ex. 2) § 7.1.5.  This proposed provision is not properly part of a protective order governing the dissemination of discovery in these civil Actions.

Plaintiff claims in these Actions that Defendants violated securities laws by making misrepresentations to the GSEs.  Under Plaintiff's proposal, FHFA would be allowed to share with any "federal governmental or regulatory authority" any document that relates to an alleged misrepresentation because, according to Plaintiff, such misrepresentations are an actual or potential violation of law.  Consequently, the effect of the provision is to give FHFA *carte*

6

*blanche* to turn over any documents produced in these cases to whichever "federal governmental or regulatory authority" Plaintiff chooses, even if such disclosure would not advance—and potentially could hinder—resolution of the Actions.  Such unfettered dissemination of Defendants' confidential documents undermines the very purpose of a protective order, which is to limit the distribution of discovery materials that are confidential and should remain so notwithstanding the existence of these civil proceedings.

Plaintiff offers no justification for using the process of civil discovery for such ancillary purposes.  While Plaintiff initially asserted that it was required by statute to report any potential violation of law, when asked to identify the statute, Plaintiff retreated, arguing during the telephonic meet-and-confers instead that this provision was appropriate because FHFA is a "unique plaintiff" insofar as it is a "governmental agency."  Plaintiff has declined to identify any comparable provision adopted in any other protective order to which a governmental agency is or was a party.

Moreover, Plaintiff's "government agency" status is irrelevant here, because it has brought these Actions based solely upon the rights of, and as conservator for, private parties— Fannie Mae and Freddie Mac.  Plaintiff thus stands in their shoes.  Plaintiff has no supervisory or regulatory authority over any Defendant.  *See* 12 U.S.C. §§ 4502(20), 4511 (limiting FHFA's regulatory and supervisory authority to Fannie Mae, Freddie Mac, and Federal Home Loan Banks).  Whatever statutory authority Plaintiff may have when it is acting as a regulator to obtain documents for purposes of pursuing its regulatory function, it certainly may not leverage the discovery rights of private civil litigants through the protective order in these Actions, where it is not acting as a regulator, to improperly expand that authority.  In any event, Plaintiff's proposed provision is unnecessary; any "federal governmental or regulatory authorit[ies]" with which

7

Plaintiff might seek to share discovery have statutorily defined powers to seek relevant documents and conduct investigations when appropriate.  The Court should reject Plaintiff's proposal and instead adopt Defendant's proposal limiting access to "Confidential Material" and "Highly Confidential Material" to parties in these Actions, as is customary in civil litigation.

**III.    Plaintiff's Proposal To Share Defendants' "Highly Confidential Material" With Any Number of Unidentified FHFA and Governmental Staff (Section 7.4(a)).**

The parties have agreed that "Highly Confidential Material," such as "trade secrets" and information that "would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers," is entitled to additional protections.  Ex. 1, § 2.7; Ex. 2, § 2.7.  "Highly Confidential Material" thus may be disclosed only to discrete categories of persons; specifically excluded are "any current or former director, officer or employee" of the Parties, other than counsel.  Ex. 1, § 7.4(a); Ex. 2, § 7.4(a).

Notwithstanding such protections, Plaintiff proposes for itself a one-way right to share Defendants' "Highly Confidential Material" with individuals in five different departments of the FHFA, as well as any "subject matter expert at a federal government or regulatory agency" to whom the FHFA deems disclosure necessary "for the prosecution of an Action(s) *or to carry out FHFA's regulatory function*."  Ex. 2, § 7.4(a) (emphasis added).  FHFA once again seeks to use discovery in a private action for a purpose—"FHFA's regulatory function"—that is unrelated to these lawsuits.[6]  *Id.*

Plaintiff's proposal represents a significant end-run around the disclosure limitations on Defendants' "Highly Confidential Material," especially since Plaintiff has declined to disclose

---

[6]As described *supra,* FHFA has no supervisory or regulatory authority over any Defendant.  *See* 12 U.S.C. §§ 4502(20), 4511.  If FHFA seeks documents in furtherance of its "regulatory function," it must do so using the powers Congress gave it to perform that function and subject to the limits imposed by Congress and the courts.

how many individuals might have access to Defendants' materials if Plaintiff's proposed language were adopted, or what a governmental or regulatory "subject matter expert" encompasses.  The core purpose of a provision allowing a party to designate information as "Highly Confidential Material" is to restrict the distribution of such information more narrowly than "Confidential Material" because of its subject matter.  *See* Ex. 1, § 2.7.  Such heightened restrictions are plainly warranted where, as here, Fannie Mae and Freddie Mac—over which FHFA has supervisory authority—are in direct competition with certain Defendants.  Under Plaintiff's proposal, Defendants' "Highly Confidential Material" may be *more widely disseminated* than Defendants' "Confidential Material."

In contrast, the protective order would not permit current or former employees of Defendants (other than in-house counsel) to view Plaintiff's, Fannie's, or Freddie's "Highly Confidential Material."  Plaintiff rejected Defendants' compromise position that would permit FHFA to identify a limited number of individuals directly involved in the prosecution of the Actions with whom it could share "Highly Confidential Material," provided Defendants had a corresponding right to share Plaintiff's "Highly Confidential Material" with a small, specified group of each Defendant's personnel.  Defendants' rather than Plaintiff's proposal should be adopted by the Court.

## IV.    Defendants' Proposal to Permit Upward Confidentiality Designation of a Party's Own Confidential Information Produced by Others (Section 5.4)

Defendants propose a provision, not uncommon to RMBS protective orders, to cover circumstances where a party's confidential documents are in the possession of a non-party, are produced by that non-party in these Actions in response to a subpoena, but the non-party fails to designate such documents with the proper level of confidentiality.  *See* Ex. 1, §§ 5.4, 2.11.  Non-parties, such as loan servicers and originators, likely will produce a substantial volume of

9

documents in these cases, and some of these documents may include confidential information of Defendants or their clients and counter-parties that was provided pursuant to a contractual agreement to maintain confidentiality or an expectation of confidentiality.  Since non-parties might lack incentive to take the same level of care in reviewing and accurately assigning confidentiality designations to voluminous materials produced in litigation to which they are not parties, Defendants proposed a mechanism to allow a party to re-designate *its own confidential information* without requiring the non-party to incur the expense and burden of re-producing the documents.  This proposal would not affect Plaintiff's rights because any such upward designations would have to comply with the designation criteria established by the protective order and would be subject to challenge pursuant to that order to the same extent as any other confidentiality designation.  *See, e.g.,* Ex. 1, § 6.1.

FHFA contends that this provision is unnecessary, claiming that a party instead can urge the producing party to re-produce the materials with the appropriate designation.  There is no guarantee, however, that a non-party would comply, particularly if doing so would require additional expenses in connection with re-production.  A more efficient and economical mechanism would allow a party whose confidential information has been produced to make that re-designation itself, rather than require a two-step process that may be slow and ineffective, and may require the non-party to incur the expense and burden of re-producing discovery materials.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court adopt in full Defendants' version of the Protective Order, submitted as Exhibit 1.

April 26, 2012

Respectfully submitted,

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG,*
*Taunus Corporation, Deutsche Bank Securities*
*Inc , DB Structured Products, Inc., Ace*
*Securities Corp., Mortgage IT Securities Corp.*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants UBS Americas Inc.,*
*UBS Real Estate Securities Inc., UBS Securities*
*LLC, Mortgage Asset Securitization*
*Transactions, Inc., David Martin, Per Dyrvik,*
*Hugh Corcoran and Peter Slagowitz*

/s/ James P. Rouhandeh
James P. Rouhandeh (rouhandeh@davispolk.com)
Brian S. Weinstein (brian.weinstein@davispolk.com)
Daniel J. Schwartz (daniel.schwartz@davispolk.com)
Nicholas N. George (nicholas.george@davispolk.com)
Jane M. Morril (jane.morril@davispolk.com)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017

*Attorneys for Defendants Morgan Stanley,*
*Morgan Stanley & Co. Incorporated (n/k/a*
*Morgan Stanley & Co. LLC), Morgan Stanley*
*Mortgage Capital Holdings LLC (successor-in-*
*interest to Morgan Stanley Mortgage Capital*
*Inc.), Morgan Stanley ABS Capital I Inc.,*
*Morgan Stanley Capital I Inc., Saxon Capital,*
*Inc., Saxon Funding Management LLC, Saxon*
*Asset Securities Company, Gail P. McDonnell,*
*Howard Hubler, Craig S. Phillips, Alexander*
*C. Frank, David R. Warren, John E.*
*Westerfield, and Steven S. Stern*

/s/ Robert F. Serio
Robert F. Serio (RSerio@gibsondunn.com)
Aric H. Wu (AWu@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166

*Attorneys for Citigroup Global Markets, Inc.,*
*Deutsche Bank Securities Inc., RBS Securities*
*Inc. and UBS Securities LLC*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman
(george.zimmerman@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Americas
Securities, LLC, SG Mortgage Finance Corp.,
and SG Mortgage Securities, LLC, Arnaud
Denis, Abner Figueroa, Tony Tusi, and
Orlando Figueroa*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America
Holdings Inc., HSBC USA Inc., HSBC Markets
(USA) Inc., HSBC Bank USA, NA., HSI Asset
Securitization Corporation, HSBC Securities
(USA) Inc., Neal Leonard, Gerard Mattia, Todd
White, Norman Chaleff, and Jon Voigtman*

/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff
(davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants First Horizon
National Corporation, First Tennessee Bank
National Association, FTN Financial Securities
Corporation, First Horizon Asset Securities,
Inc., Gerald L. Baker, Peter F. Makowiecki,
Charles G. Burkett, and Thomas J. Wageman*

/s/ Brad S. Karp
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup
Mortgage Loan Trust Inc., Citigroup Global
Markets Realty Corp., Citigroup Global Markets
Inc., Susan Mills, Randall Costa, Scott
Freidenrich, Richard A. Isenberg, Mark I.
Tsesarsky, Peter Patricola, Jeffrey Perlowitz
and Evelyn Echevarria*

/s/ David Blatt
David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

*Attorneys for Bank of America Corporation;*
*Bank of America, N.A.; Asset Backed Funding*
*Corp.; Banc of America Funding Corp.; Merrill*
*Lynch & Co., Inc., Merrill Lynch Mortgage*
*Lending, Inc., Merrill Lynch Mortgage Capital*
*Inc., First Franklin Financial Corp., Merrill*
*Lynch Mortgage Investors, Inc., Merrill Lynch*
*Government Securities, Inc., Merrill Lynch,*
*Pierce, Fenner & Smith Inc.*

/s/ Penny Shane
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Defendants JPMorgan Chase &*
*Co., JPMorgan Chase Bank, N.A., J.P. Morgan*
*Mortgage Acquisition Corporation, J.P. Morgan*
*Securities LLC, J.P. Morgan Acceptance*
*Corporation I, Bear Stearns & Co., Inc., EMC*
*Mortgage LLC, Structured Asset Mortgage*
*Investments II Inc., Bear Stearns Asset Backed*
*Securities I LLC, WaMu Asset Acceptance*
*Corporation, WaMu Capital Corporation,*
*Washington Mutual Mortgage Securities*
*Corporation, Long Beach Securities*
*Corporation and certain of the Individual*
*Defendants*

/s/ Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

*Attorneys for Goldman, Sachs & Co., GS*
*Mortgage Securities Corp., Goldman Sachs*
*Mortgage Company, The Goldman Sachs*
*Group, Inc., Goldman Sachs Real Estate*
*Funding Corp., Peter C. Aberg, Howard S.*
*Altarescu, Robert J. Christie, Kevin Gasvoda,*
*Michelle Gill, David J. Rosenblum, Jonathan S.*
*Sobel, Daniel L. Sparks, and Mark Weiss*

/s/ David H. Braff
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Barclays Capital Inc., Barclays*
*Bank PLC, Securitized Asset Backed*
*Receivables LLC, Paul Menefee, John Carroll,*
*and Michael Wade*

/s/ David Potter
David Potter (dpotter@lpgllp.com)
LAZARE, POTTER & GIACOVAS LLP
950 Third Avenue
New York, NY  10022

and

Jeffrey A. Lipps (lipps@carpenterlipps.com)
Jennifer A.L. Battle
(battle@carpenterlipps.com)
CARPENTER, LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH  43215

*Attorneys for Residential Capital LLC, GMAC-RFC Holding Company, LLC,
Residential Funding Company, LLC, Ally Securities, LLC, Residential Asset Mortgage Products, Inc., Residential Asset Securities Corporation, and Residential Accredit Loans, Inc.*

/s/ Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Attorneys for Credit Suisse Securities (USA)
LLC, Credit Suisse Holdings (USA), Inc., Credit
Suisse (USA), Inc., DLJ Mortgage Capital, Inc.,
Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities
Corporation, Credit Suisse First Boston
Mortgage Acceptance Corporation, Andrew A.
Kimura, Jeffrey A. Altabef, Eveleyn Echevarria,
Michael A. Marriott, Zev Kindler, John P.
Graham, Thomas E. Siegler, Thomas Zingalli,
Carlos Onis, Steven L. Kantor, Joseph M.
Donovan, Juliana Johnson, and Greg Richter*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Ally Financial Inc. and GMAC
Mortgage Group, Inc.*

/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants Nomura Securities
International, Inc., Nomura Holding America
Inc., Nomura Asset Acceptance Corporation,
Nomura Home Equity Loan, Inc., Nomura
Credit & Capital, Inc., David Findlay, John
McCarthy, John P. Graham, Nathan Gorin, and
N. Dante Larocca*

/s/ Daniel C. Zinman
Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY  10281

*Attorneys for George C. Carp, Robert Caruso, George E. Ellison, Adam D. Glassner, Daniel B. Goodwin, Juliana Johnson, Michael J. Kula, William L. Maxwell, Mark I. Ryan, and Antoine Schetritt; Matthew Whalen; Brian Sullivan; Michael McGovern; Donald Puglisi; Paul Park, and Donald Han*

/s/ Greg A. Danilow
Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick (vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY  10153

*Attorneys for General Electric Company, General Electric Capital Services, Inc., GE Mortgage Holding, LLC, GE-WMC Securities, LLC*

/s/ Joel C. Haims
Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael Nierenberg*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017

*Attorneys for Defendant RBS Securities Inc.*

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Josephine A. Cheatham
(allie.cheatham@allenovery.com)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

*Attorneys for Samuel L. Molinaro, Jr.*

/s/ Sandra D. Hauser
Sandra D. Hauser
(sandra.hauser@ snrdenton.com)
Patrick E. Fitzmaurice
(Patrick.fitzmaurice@snrdenton.com)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins*

/s/ Richard A. Edlin
Richard A. Edlin (edlinr@gtlaw.com)
Ronald D. Lefton (leftonr@gtlaw.com)
Candace Camarata (camaratac@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
(212) 801-9200

*Attorneys for Jeff Mayer*

/s/ Dani R. James
Dani R. James (djames@kramerlevin.com)
Jade A. Burns (jburns@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL
LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jeffrey L. Verschleiser*