UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>             Plaintiff,<br><br>        -v-<br><br>UBS AMERICAS, INC., *et al*.<br><br>             Defendants. | Case No. 11 CIV. 5201 (DLC)<br><br>**PLAINTIFF'S SUBMISSION REGARDING THE PROPOSED PROTECTIVE ORDER TO BE ENTERED IN THE ACTIONS** |
| Other Cases Brought by Plaintiff In Which This Proposal Has Been Filed:<br><br>11 Civ. 6188 (DLC)<br>11 Civ. 6189 (DLC)<br>11 Civ. 6190 (DLC)<br>11 Civ. 6192 (DLC)<br>11 Civ. 6193 (DLC)<br>11 Civ. 6195 (DLC)<br>11 Civ. 6196 (DLC)<br>11 Civ. 6198 (DLC)<br>11 Civ. 6200 (DLC)<br>11 Civ. 6201 (DLC)<br>11 Civ. 6202 (DLC)<br>11 Civ. 6203 (DLC)<br>11 Civ. 6739 (DLC)<br>11 Civ. 7010 (DLC)<br>11 Civ. 7048 (DLC) | |

Plaintiff Federal Housing Finance Agency ("Plaintiff"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, the "GSEs"), makes this submission to seek the Court's

assistance in resolving a single disputed issue in section 7.4(a) of the proposed protective order to be entered in the above actions.

Defendants misinterpret the Court's May 14, 2012 Order by insisting that a five-person limit applies to FHFA's ability to share "Highly Confidential" material in the aggregate with respect to both subject matter experts outside FHFA *and* non-legal employees within FHFA. To the contrary, the Court's Order limits access to Highly Confidential material to five subject matter experts at government agencies outside FHFA, but places no numerical limit with respect to FHFA employees within one of the five FHFA divisions identified in Plaintiff's Proposed Protective Order. *See* FHFA Proposed Protective Order, Section 7.4(a), attached hereto as Exhibit A. In pertinent part, the Court stated: "…on the fourth issue, the FHFA's request that highly confidential material be shared with a limited group of subject matter experts in government service ***but outside the FHFA*** and I'm going to grant that in part…. I'll grant the access to five people." May 14, 2012 Transcript at 17:7-22 (emphasis added). The Court's reference to the five individual limit was explicitly in the context of "subject matter experts in government service but outside the FHFA."

FHFA has therefore proposed the following clarification to the second sentence of section 7.4(a):

> Notwithstanding the foregoing, Highly Confidential Material may be disclosed to (i) those FHFA employees in the Office of the Director, the Division of Enterprise Regulation, the Division of Examination Programs and Support, the Office of Conservatorship Operations, and the Supervision Committee to whom disclosure is necessary for the prosecution of an Action(s), and (ii) up to five subject matter experts at a federal government or regulatory agency to whom the General Counsel of FHFA or his designee reasonably and in good faith believes that disclosure is necessary for the prosecution of an Action(s), and, with respect to (ii), have signed the "Agreement To Be Bound By Protective Order" (Exhibit A) prior to receipt of any Highly Confidential Material. Plaintiff shall provide any such signed Exhibit A to Defendants within five (5) business days of execution.

In accordance with this Court's May 14 Order, FHFA has prepared a proposed protective order incorporating the above revision to Section 7.4(a), as well as a comparison to Defendants' Proposed Protective Order, which are respectively attached hereto as Exhibits A and B.

## CONCLUSION

For the reasons set forth above, FHFA respectfully requests that the Court enter Plaintiff's Proposed Protective Order.

Dated: May 24, 2012
       New York, New York

Respectfully submitted,

| | |
|---|---|
|   /s/ Philippe Z. Selendy |   /s/ Marc E. Kasowitz |
| Philippe Z. Selendy | Marc E. Kasowitz (mkasowitz@kasowitz.com ) |
| (philippeselendy@quinnemanuel.com) | Hector Torres (htorres@kasowitz.com) |
| QUINN EMANUEL URQUHART & | Christopher P. Johnson (cjohnson@kasowitz.com) |
|     SULLIVAN, LLP | Michael Hanin (mhanin@kasowitz.com ) |
| 51 Madison Avenue, 22nd Floor | Kanchana Wangkeo Leung |
| New York, New York 10010 | (kleung@kasowitz.com) |
| (212) 849-7000 | KASOWITZ, BENSON, TORRES & |
| |     FRIEDMAN LLP |
| *Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.* | 1633 Broadway |
| | New York, New York 10019 |
| | *Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company, FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.* |

3

| | |
|---|---|
| /s/ Christine H. Chung | /s/ Manisha M. Sheth |
| Christine H. Chung | Manisha M. Sheth |
| (christinechung@quinnemanuel.com) | (manishasheth@quinnemanuel.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 51 Madison Avenue, 22nd Floor | 51 Madison Avenue, 22nd Floor |
| New York, New York 10010 | New York, New York 10010 |
| *Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.* | *Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.* |

/s/ Adam Abensohn
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*