UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
       :

FEDERAL HOUSING FINANCE AGENCY, etc.,  :
Plaintiff,  :
v.  :  11 Civ. 5201 (DLC)
UBS AMERICAS, INC., et al.,  :
Defendants.  :
       :
       :
       :

-------------------------------------------------------------- x
       :

FEDERAL HOUSING FINANCE AGENCY, etc.,  :
Plaintiff,  :
v.  :  11 Civ. 6188 (DLC)
JPMORGAN CHASE & CO., et al.,  :
Defendants.  :
       :
       :
       :

-------------------------------------------------------------- x
       :

FEDERAL HOUSING FINANCE AGENCY, etc.,  :
Plaintiff,  :
v.  :  11 Civ. 6189 (DLC)
HSBC NORTH AMERICA HOLDINGS, INC., et al.,  :
Defendants.  :
       :
       :
       :
       :

-------------------------------------------------------------- x
       :

FEDERAL HOUSING FINANCE AGENCY, etc.,  :
Plaintiff,  :
v.  :  11 Civ. 6190 (DLC)
BARCLAYS BANK PLC, et al.,  :
Defendants.  :
       :
       :
       :
       :
       :
       :

-------------------------------------------------------------- X

```
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
Plaintiff,                                                   :
v.                                                           :   11 Civ. 6192 (DLC)
DEUTSCHE BANK AG, et al.,                                    :
Defendants.                                                  :
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
Plaintiff,                                                   :
v.                                                           :   11 Civ. 6193 (DLC)
FIRST HORIZON NATIONAL CORP., et al.,                        :
Defendants.                                                  :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
Plaintiff,                                                   :
v.                                                           :   11 Civ. 6195 (DLC)
BANK OF AMERICA CORP., et al.,                               :
Defendants.                                                  :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
Plaintiff,                                                   :
v.                                                           :   11 Civ. 6196 (DLC)
CITIGROUP INC., et al.,                                      :
Defendants.                                                  :
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
```

```
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
Plaintiff,                                                   :
v.                                                           : 11 Civ. 6198 (DLC)
GOLDMAN, SACHS & CO., et al.,                                :
Defendants.                                                  :
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
Plaintiff,                                                   :
v.                                                           : 11 Civ. 6200 (DLC)
CREDIT SUISSE HOLDINGS (USA), INC., et al.,                  :
Defendants.                                                  :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
Plaintiff,                                                   :
v.                                                           : 11 Civ. 6201 (DLC)
NOMURA HOLDING AMERICA, INC., et al.,                        :
Defendants.                                                  :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
Plaintiff,                                                   :
v.                                                           : 11 Civ. 6202 (DLC)
MERRILL LYNCH & CO., INC., et al.,                           :
Defendants.                                                  :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
```

```
-------------------------------------------------------------- x
                                                               :
FEDERAL HOUSING FINANCE AGENCY, etc.,                          :
Plaintiff,                                                     :
v.                                                             :   11 Civ. 6203 (DLC)
SG AMERICAS, INC., et al.,                                     :
Defendants.                                                    :
                                                               :
                                                               :
                                                               :
                                                               :
-------------------------------------------------------------- x
                                                               :
FEDERAL HOUSING FINANCE AGENCY, etc.,                          :
Plaintiff,                                                     :
v.                                                             :   11 Civ. 6739 (DLC)
MORGAN STANLEY, et al.,                                        :
Defendants.                                                    :
                                                               :
                                                               :
                                                               :
                                                               :
-------------------------------------------------------------- x
                                                               :
FEDERAL HOUSING FINANCE AGENCY, etc.,                          :
Plaintiff,                                                     :
v.                                                             :   11 Civ. 7010 (DLC)
ALLY FINANCIAL INC., et al.,                                   :
Defendants.                                                    :
                                                               :
                                                               :
                                                               :
                                                               :
-------------------------------------------------------------- x
                                                               :
FEDERAL HOUSING FINANCE AGENCY, etc.,                          :
Plaintiff,                                                     :
v.                                                             :   11 Civ. 7048 (DLC)
GENERAL ELECTRIC COMPANY, et al.,                              :
Defendants.                                                    :
                                                               :
                                                               :
                                                               :
                                                               :
-------------------------------------------------------------- x
```

## DEFENDANTS' SUBMISSION REGARDING CERTAIN MATTERS IDENTIFIED IN THE JUNE 6, 2012 RULE 26(f) JOINT REPORT

Pursuant to the Court's Order dated May 15, 2012 (the "May 15 Order") entered in the above-captioned actions (the "Actions"), the defendants (collectively, the "Defendants"), by and through their respective counsel, respectfully submit their positions concerning certain case management proposals. The proposals were initially outlined by the Court at a May 14 conference and in the May 15 Order (collectively, the "Court's Initial Proposals") and by FHFA in the course of the parties' communications concerning the June 6, 2012 Rule 26(f) Joint Report and the issue of "sampling" (the subject of a separate submission).

The Court's Initial Proposals, and FHFA's subsequent proposals, would undermine the development and presentation of the factual issues in these 16 distinct cases. Although a case management plan should provide for efficient coordination, such coordination should not occur at the expense of full discovery. "The broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of *all the evidence relevant to the merits of a controversy*." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (italics altered). Defendants thus propose to modify the Court's Initial Proposals to achieve efficiencies without sacrificing fundamental fairness and due process. With few exceptions, Defendants' proposed modifications would not require delay of the trial-readiness dates the Court identified in its Initial Proposals.

In prior submissions to this Court, FHFA has said:

- "[E]ach Case presents unique issues pertaining to distinct sets of securitizations, requiring the application of law to the particular allegations and surrounding facts, and cannot be generally addressed or resolved on an undifferentiated basis." FHFA's Proposal For the Efficient Admin. of the Cases (Oct. 19, 2011), at 5.

- "[E]ach Case involves different defendants, who marketed and sold different securitizations, pursuant to different registration statements and prospectus supplements, containing different representations and warranties, concerning

different mortgage loans that were originated by different entities in different economic circumstances according to different underwriting guidelines." *Id.* at 6.

Notwithstanding these prior representations, FHFA now asserts that all Defendants collectively in all Actions should be forced to share the same number of depositions, interrogatories and requests to admit that FHFA would have in each case. But, as set forth below, the development and presentation of evidence to finders of fact in each case requires at a minimum: (i) an increase in the anticipated numbers of depositions of the GSEs, FHFA and non-parties; (ii) greater balance between the numbers of interrogatories and requests to admit between FHFA and the Defendants; and (iii) certain adjustments to the proposed schedule for expert discovery and its foundational facts. None of these adjustments would impact the Court's proposed pre-trial order dates for any case other than the *UBS* case.

## I.    THE CURRENTLY PROPOSED LIMITS ON DEPOSITIONS WOULD VIOLATE DUE PROCESS.

Just a few months ago, as a starting point in its negotiations with Defendants, FHFA consented to 40 depositions of GSE witnesses in these cases. FHFA's Proposal for Certain Case Mgmt. Issues (Jan. 11, 2012), at 3. FHFA now prefers the Court's Initial Proposal that Defendants collectively be allowed only 20 depositions of GSE and FHFA personnel, while FHFA can take up to 340 depositions of Defendants (or 457 if the Court determines that the individual defendants are not included in the 20 allowed per corporate family). Defendants respectfully submit that a limit of 20 (or even 40) total depositions—shared among 17 distinct corporate groups of defendants and 117 individual defendants in 16 cases that FHFA filed as unrelated—would violate Defendants' due process rights, the Federal Rules of Civil Procedure, and basic principles of fairness.[1] As the Supreme Court has held, "[d]eposition-discovery rules

---

[1] FHFA filed this case in New York, hundreds of miles from the GSEs' headquarters in Washington, D.C. and McLean, Virginia. Almost all of the GSEs' present and former

are to be accorded a broad and liberal treatment" because "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *see* 8A Charles A. Wright *et al.*, Federal Practice & Procedure § 2101 (3d ed.).[2]

If 17 separate corporate groups of defendants and 117 individual defendants across 16 different cases may take only 20 GSE/FHFA depositions, more than 150 Defendants would have to share the number of depositions that just two defendants would have by right under Fed. R. Civ. P. 30(a)(2)(A)(i).  In contrast, having filed 16 separate lawsuits, FHFA presumptively is entitled to a total of 160 depositions—10 in each case.  The Court's Initial Proposal thus subtracts at least several hundred depositions from Defendants' total allotment under the Rules, while adding hundreds to FHFA's total allotment.

Despite Defendants' entitlement to at least equivalent opportunity to take discovery and the early stage of the litigation, in the interest of efficiency, Defendants do not presently propose equal numbers of depositions, but rather to coordinate taking as an initial matter up to 50 depositions of GSE/FHFA employees.  Additionally, because depositions should not start at the earliest until January 2013, Defendants propose a status conference after the close of document discovery during which the parties and the Court can consider the appropriate number of depositions in light of the facts developed through document discovery.  To date, Defendants have identified *almost 200 GSE employees* who appear to have played a direct role in

---

employees are beyond the Court's trial subpoena power; jurors may have access to their testimony only by deposition.  Defendants are entitled to present that testimony as part of their cases, and would have had access to these witnesses to call live at trial had FHFA not chosen a distant forum.  Accordingly, there should be no preemptive limits on trial depositions of the GSEs' former and present officers and employees.

    [2] Every party has a "due process right to prosecute his own separate and distinct claims or defenses without having them so merged into the claims or defenses of others that irreparable injury will result."  *Garber v. Randell*, 477 F.2d 711, 716 (2d Cir. 1973); *see also Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985).

the GSEs' review and purchase of the 528 securities in the 16 cases.  In its initial interrogatory responses, FHFA itself already has identified more than 30 GSE and FHFA employees with knowledge concerning or participation in one or more of the 528 GSE purchases.  Ex. 1 (Int. Resps. 1, 2). [3]  Common sense dictates that the 34 GSE representatives FHFA has disclosed so far were not all or nearly all of the GSE representatives with direct involvement in the 449 securitizations involving billions of dollars of risk.  Importantly, FHFA has refused to represent that these 34 individuals collectively have knowledge of all 449 securitizations at issue, or that one could put together any collection of 20 GSE representatives who, between them, have such first-hand knowledge.

It is unjust to limit depositions to fewer than necessary to examine GSE personnel with knowledge and involvement regarding each transaction.  Elements of Defendants' defenses (*e.g.*, GSE knowledge and statute of limitations) and FHFA's claims (*e.g.*, reasonable reliance, materiality) necessarily require discovery into the GSEs' state of mind and actions concerning the securities they purchased, the disclosures made, and each alleged misrepresentation.  For example, while FHFA alleges the GSEs were misled concerning the "widespread abandonment" of originators' underwriting guidelines, as the two largest participants in the mortgage market, the GSEs dealt extensively with these same originators and possessed detailed knowledge about the underwriting guidelines and practices they employed during the relevant time period, including in connection with the 449 securitizations at issue.  Present and former GSE employees

---

[3]  FHFA admitted during "meet and confer" calls that it withheld the identities of significant numbers of GSE personnel with direct involvement in the GSEs' purchases, while refusing to identify any GSE employees with knowledge concerning the originators at issue, making it impossible for Defendants, at this time, to estimate the number of potential witnesses with this sort of relevant information. Ex. 1 (Int. Resps. 1-3). In most cases, the Defendants have not yet even seen FHFA's amended complaint, and there has been no production of documents by FHFA or the GSEs.  A strict cap on depositions at this point is likely to bear little if any relation to how many people possess relevant information.

will have highly relevant information about these issues, and full and fair discovery of these witnesses is critical to Defendants' ability to develop their defenses.

In addition, while Defendants anticipate certain common depositions (*e.g.*, depositions of high-level employees of the GSEs, FHFA, and its predecessor, OFHEO), there also will need to be many "case-specific" depositions concerning, for example, the negotiation, purchase, and analysis of the certificates that the GSEs purchased and the unique pools of mortgage loans underlying each certificate. The number of case-specific depositions necessarily will differ by case and party, depending on the number of securitizations, pools of loans, and originators at issue, as well as the internal structures and processes of the GSEs at the time.

Limiting all Defendants to 20 party depositions in total will deprive most defendants of any meaningful opportunity to examine GSE personnel with knowledge and responsibility for the purchases on which FHFA has brought suit. If the Court's and FHFA's proposal to treat *UBS* as a "bellwether" case is adopted, then depositions likely will be noticed first in that case. If the *UBS* defendants then notice 20 depositions (which would still be less than one deposition per securitization at issue in that case), the defendants in the remaining 15 actions would be entitled to *no* additional depositions. While some witnesses whom UBS deposes may have knowledge relevant to other cases, others almost certainly will not. And it is virtually certain that they will not have extensive knowledge regarding the more than 400 securitizations at issue in the other cases. Defendants should not be forced to fight among themselves to divvy up manifestly inadequate deposition discovery.

## II.   THE PROPOSED LIMITS ON THIRD-PARTY DEPOSITIONS ARE UNFAIR AND UNWORKABLE.

As the Court indicated at the May 14 conference, these cases will require significant third-party discovery. The Court proposed to impose numerical limits on non-party depositions (other than Rule 30(b)(6) depositions) that could be taken of certain non-party

entities, with different limits according to the type of entity at issue.  For example, the Parties could take only two depositions of an originator, three depositions of a due diligence firm, one of a servicer and one of a credit rating agency.  The Court did not expressly cap the total number of non-parties that could be deposed in any category, in any case, or across cases, during discovery or for purposes of trial.  It is also not clear how the Parties would select the single servicer deposition or the two originator depositions, or how they would resolve any disagreement if FHFA and Defendants selected different witnesses to depose.  Defendants raised this issue with FHFA, but received no response other than a concession from FHFA that it does not know either. FHFA has agreed that if the limits proposed by the Court apply, they should apply case by case, rather than across all cases.  Thus, FHFA agrees with Defendants that more non-party discovery will be required than was suggested in the Court's Initial Proposal.

Thus, all appear to agree that evidence from non-party entities will be critical to the claims and defenses in each case.  For example, FHFA claims that appraisers of the relevant mortgaged homes knowingly inflated their appraisals, and that originators "abandoned" their underwriting guidelines.  To explore those claims, the Parties must be free to depose the many appraisers and originators involved, especially where any departure from underwriting guidelines may have reflected an exercise in judgment.  FHFA similarly has placed at issue the conduct of servicers, due diligence firms, and credit ratings agencies, all of whom may have probative information to provide through testimony and documents.  The great majority of the relevant third parties likely reside beyond the Court's trial subpoena power and must be deposed so that their testimony may be presented to jurors.

In light of the importance of non-party discovery, and the practical inability to determine at this time what non-party discovery will be required, Defendants propose that no numerical or other limits be imposed at this time, but rather, that the Parties continue to meet and

confer concerning appropriate limits on this discovery, once FHFA has identified those loans that it believes were inconsistent with any statements made and what specific breaches it alleges with respect to those loans. FHFA has rejected this proposal.

## III.     THE PROPOSED NUMBER OF INTERROGATORIES IS INSUFFICIENT.

Defendants propose that each corporate family of Defendants may serve 50 interrogatories and 50 requests for admission on FHFA across all cases.  For example, all UBS-affiliated entities across the four actions in which UBS appears as a Defendant may collectively serve 50 interrogatories upon FHFA.  This approach would result in far fewer interrogatories than the 25 interrogatories per party per case that the Federal Rules allow.  Fed. R. Civ. P. 33 (a)(1).  Robust interrogatory discovery, including identification of alleged breaches, as discussed below, is particularly appropriate here, because of the breadth of FHFA's allegations (covering more than 500 securities and over 150 defendants) and the truncated discovery schedule in these cases.  But FHFA continues to insist on a one-sided and wholly imbalanced proposal that FHFA be able to serve 50 interrogatories on each Defendant group (850 total), with Defendants collectively limited to 50 interrogatories on FHFA.

## IV.     FHFA MUST PROVIDE TIMELY IDENTIFICATION OF ALLEGED BREACHES.

FHFA proposes that expert reports for each tranche be due 45 days after its proposed close of fact discovery for that tranche and that rebuttal expert reports be due 45 days thereafter.  Defendants do not oppose this kind of schedule for the exchange of expert reports, with one critically important modification.

A central component of these cases will be a time-intensive process of loan-by-loan re-underwriting of a quantity of loans large enough, at least, to reveal probative information about the overall quality of the original underwriting.  In order to meet its burden of proof on liability, FHFA's experts will undertake this process, so that they may opine as to which loans

they contend materially breached underwriting guidelines and the relevant statements at issue in prospectus supplements ("Allegedly Breaching Loans").  In order to respond to FHFA's breach allegations, Defendants' experts will need to conduct their own loan-by-loan analysis.  Although it is difficult to predict accurately at this stage how long this process will take—in part because it is not yet known how many loans FHFA and Defendants will re-underwrite—it is expected that under any scenario it would take many months.  Defendants' experts will not be in a position to assess FHFA's loan-by-loan allegations of breach until they know what they are.  It would make no sense, and be entirely inefficient and wasteful, to have Defendants' experts review all the loan files and re-underwrite all the loans without knowing what the allegations of breach are, only to have to do it again once those allegations are disclosed.  Because the re-underwriting process will take far longer than 45 days, Defendants have proposed that FHFA be required to identify which loans are alleged to be in breach, and in what way, sufficiently in advance so that Defendants' experts will be able to conduct their loan-by-loan analysis.[4]  FHFA has refused to agree to this.

Defendants need to know in advance which loans FHFA is claiming were in breach for a second basic reason.  Defendants intend to submit expert evidence supporting their affirmative defense of negative causation that the GSEs' asserted losses were not caused by alleged breaches of underwriting guidelines or by representations concerning LTV ratios or occupancy rates, but instead, were caused by other factors such as the decline in home prices and the most dramatic recession since the Great Depression.  As described more fully in Defendants' submission concerning sampling and the accompanying affidavits of Professors James and

---

[4] Defendants have not asked that FHFA submit its full expert report in advance, but simply to provide its basic contentions about which loans are alleged to be in breach, and what is the breach.

Barnett, one or more of the methodologies defendants contemplate using require knowing which loans FHFA claims were in breach, so that their performance can be compared to loans not in breach.  Because Defendants bear the burden of proof on affirmative defenses, it will be tremendously difficult for their experts to conduct such an analysis and submit an expert report under the schedule proposed by FHFA if Defendants do not know sufficiently in advance which loans FHFA contends are in breach.[5]

## V.   OTHER DISCOVERY DEADLINES SHOULD BE ADJUSTED WITHOUT SIGNIFICANT DELAY OF THE PROPOSED PRE-TRIAL ORDER DATES.

Given the substantial volume of party and non-party document and deposition discovery necessary in the Actions, Defendants believe—whether or not the Court adopts some form of trial "tranching" and even if the Court adheres to the trial readiness dates proposed for the Actions (other than *UBS*)—that the scheduling order in this case should provide, at a minimum:  (i) six months for the substantial completion of document discovery; (ii) nine months for deposition discovery; and (iii) three months for expert discovery (in parallel with the last three months of fact discovery).  This is similar to what FHFA proposed in its original proposed pretrial schedule submitted on January 11, 2012.  FHFA took the position that:  (i) document discovery will be completed within <u>eight months</u> after Initial Disclosures; (ii) deposition discovery will be completed within <u>five months</u> after the completion of document discovery; and (iii) expert reports submitted <u>within 60 days</u> after the close of fact discovery, rebuttal reports

---

[5] Defendants have proposed that for Tranche 2 cases, FHFA be required to provide such information by November 30, 2012, in order to give Defendants what they hope will be enough time for their experts to do their loan-by-loan analysis, and also to conduct their related negative causation analyses, by the time expert reports would be due on July 15, 2013.  Defendants propose that the information for cases in Tranches 3 and 4 be provided a commensurate amount of time in advance of the due dates for expert reports.  FHFA has offered no counter-proposal.

within 60 days thereafter, and depositions within 60 days thereafter.  FHFA's Proposal for

Certain Case Mgmt. Issues, at 14.

## VI.   DEFENDANTS HAVE SUGGESTED VARIOUS WAYS TO ORGANIZE THE 16 CASES  FOR TRIAL.

Defendants have not agreed on a single approach to organizing these 16 cases for

trial, as certain Defendants have submitted separate proposals for the Court's consideration that

would modify the tranches proposed by Plaintiff, and other Defendants do not oppose the

tranches proposed by Plaintiff.  If, however, the tranches remain as proposed by FHFA, the

Defendants propose adding or modifying certain discovery dates within FHFA's schedule.  The

modifications for Tranches 2, 3 and 4 are attached as Exhibit 2.

*       *       *

Dated: New York, New York
        June 6, 2012

Respectfully submitted,


/s/ David Potter
David Potter (dpotter@lpgllp.com)
LAZARE, POTTER & GIACOVAS LLP
950 Third Avenue
New York, NY  10022

and

Jeffrey A. Lipps (lipps@carpenterlipps.com)
Jennifer A.L. Battle
(battle@carpenterlipps.com)
CARPENTER, LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH  43215

*Attorneys for Ally Securities, LLC*


/s/ Robert F. Serio
Robert F. Serio (RSerio@gibsondunn.com)
Aric H. Wu (AWu@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166

*Attorneys for Citigroup Inc., Citigroup
Mortgage Loan Trust Inc., Citigroup Global
Markets Realty Corp., Citigroup Global
Markets Inc., Susan Mills, Randall Costa, Scott
Freidenrich, Richard A. Isenberg, Mark I.
Tsesarsky, Peter Patricola, Jeffrey Perlowitz
and Evelyn Echevarria*


/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG,
Taunus Corporation, Deutsche Bank Securities
Inc , DB Structured Products, Inc., Ace
Securities Corp., Mortgage IT Securities Corp.*


/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America
Holdings Inc., HSBC USA Inc., HSBC Markets
(USA) Inc., HSBC Bank USA, NA., HSI Asset
Securitization Corporation*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Thomas J. Nolan (thomas.nolan@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants UBS Americas Inc.,
UBS Real Estate Securities Inc., UBS Securities
LLC, Mortgage Asset Securitization
Transactions, Inc., David Martin, Per Dyrvik,
Hugh Corcoran and Peter Slagowitz*

/s/ James P. Rouhandeh
James P. Rouhandeh
Brian S. Weinstein
Daniel L. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017

*Attorneys for Defendants Morgan Stanley,
Morgan Stanley & Co. Incorporated (n/k/a
Morgan Stanley & Co. LLC), Morgan Stanley
Mortgage Capital Holdings LLC (successor-in-
interest to Morgan Stanley Mortgage Capital
Inc.), Morgan Stanley ABS Capital I Inc.,
Morgan Stanley Capital I Inc., Saxon Capital,
Inc., Saxon Funding Management LLC, Saxon
Asset Securities Company, Gail P. McDonnell,
Howard Hubler, Craig S. Phillips, Alexander C.
Frank, David R. Warren, John E. Westerfield,
and Steven S. Stern*

/s/ Brad S. Karp
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup
Mortgage Loan Trust Inc., Citigroup Global
Markets Realty Corp., Citigroup Global
Markets Inc., Susan Mills, Randall Costa, Scott
Freidenrich, Richard A. Isenberg, Mark I.
Tsesarsky, Peter Patricola, Jeffrey Perlowitz
and Evelyn Echevarria*

/s/ Penny Shane
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Defendants JPMorgan Chase &
Co., JPMorgan Chase Bank, N.A., J.P. Morgan
Mortgage Acquisition Corporation, J.P.
Morgan Securities LLC, J.P. Morgan
Acceptance Corporation I, Bear Stearns & Co.,
Inc., EMC Mortgage LLC, Structured Asset
Mortgage Investments II Inc., Bear Stearns
Asset Backed Securities I LLC, WaMu Asset
Acceptance Corporation, WaMu Capital
Corporation, Washington Mutual Mortgage
Securities Corporation, Long Beach Securities
Corporation and certain of the Individual
Defendants*

/s/ Bruce Clark
Bruce Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants First Horizon
National Corporation, First Tennessee Bank
National Association, FTN Financial Securities
Corporation, First Horizon Asset Securities,
Inc., Gerald L. Baker, Peter F. Makowiecki,
Charles G. Burkett, and Thomas J. Wageman*

/s/ David Blatt
David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

*Attorneys for Bank of America Corporation;
Bank of America, N.A.; Asset Backed Funding
Corp.; Banc of America Funding Corp.; Merrill
Lynch & Co., Inc., Merrill Lynch Mortgage
Lending, Inc., Merrill Lynch Mortgage Capital
Inc., First Franklin Financial Corp., Merrill
Lynch Mortgage Investors, Inc., Merrill Lynch
Government Securities, Inc., Merrill Lynch,
Pierce, Fenner & Smith Inc.*

/s/ David H. Braff
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Barclays Capital Inc., Barclays
Bank PLC, Securitized Asset Backed
Receivables LLC, Paul Menefee, John Carroll,
and Michael Wade*

/s/ Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Attorneys for Credit Suisse Securities (USA)
LLC, Credit Suisse Holdings (USA), Inc., Credit
Suisse (USA), Inc., DLJ Mortgage Capital, Inc.,
Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities
Corporation, Credit Suisse First Boston
Mortgage Acceptance Corporation, Andrew A.
Kimura, Jeffrey A. Altabef, Eveleyn Echevarria,
Michael A. Marriott, Zev Kindler, John P.
Graham, Thomas E. Siegler, Thomas Zingalli,
Carlos Onis, Steven L. Kantor, Joseph M.
Donovan, Juliana Johnson, and Greg Richter*

/s/ Richard H. Klapper
_____
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr.
(tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Goldman, Sachs & Co, GS
Mortgage Securities Corp., Goldman Sachs
Mortgage Company, The Goldman Sachs
Group, Inc., Goldman Sachs Real Estate
Funding Corp., Peter C. Aberg, Howard S.
Altarescu, Robert J. Christie, Kevin Gasvoda,
Michelle Gill, David J. Rosenblum, Jonathan S.
Sobel, Daniel L. Sparks, Mark Weiss*

/s/ Bruce Clark
_____
Bruce Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants Nomura Securities
International, Inc., Nomura Holding America
Inc., Nomura Asset Acceptance Corporation,
Nomura Home Equity Loan, Inc., Nomura
Credit & Capital, Inc., David Findlay, John
McCarthy, John P. Graham, Nathan Gorin, and
N. Dante LaRocca*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman
(george.zimmerman@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Americas
Securities, LLC, SG Mortgage Finance Corp.,
and SG Mortgage Securities, LLC, Arnaud
Denis, Abner Figueroa, Tony Tusi, and Orlando
Figueroa*

/s/ Vernon Broderick
Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick
(vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY  10153

*Attorneys for General Electric Company,
General Electric Capital Services, Inc., GE
Mortgage Holding, LLC, GE-WMC Securities,
LLC*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Ally Financial Inc. and GMAC
Mortgage Group, Inc.*

/s/ Sandra D. Hauser
Sandra D. Hauser
(sandra.hauser@ snrdenton.com)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins*

/s/ Daniel C. Zinman
Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY  10281

*Attorneys for George C. Carp, Robert Caruso,
George E. Ellison, Adam D. Glassner, Daniel B.
Goodwin, Juliana Johnson, Michael J. Kula,
William L. Maxwell, Mark I. Ryan, and Antoine
Schetritt; Matthew Whalen; Brian Sullivan;
Michael McGovern; Donald Puglisi; Paul Park,
and Donald Han*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017

*Attorneys for Defendant RBS Securities Inc.*

/s/ Joel C. Haims
Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael
Nierenberg*

/s/ Dani R. James
Dani R. James (djames@kramerlevin.com)
Jade A. Burns (jburns@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL
LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jeffrey L. Verschleiser*

/s/ Ronald D. Lefton
Richard A. Edlin (edlinr@gtlaw.com)
Ronald D. Lefton (leftonr@gtlaw.com)
Candace Camarata  (camaratac@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue,
New York, NY 10166
Phone: 212-801-9200

*Attorneys for Defendant Jeffrey Mayer*

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Josephine A. Cheatham
(allie.cheatham@allenovery.com)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

*Attorneys for Samuel L. Molinaro, Jr.*