UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
:
FEDERAL HOUSING FINANCE AGENCY, etc.,      :   **CERTAIN DEFENDANTS'**
Plaintiff,                                 :   **PROPOSALS FOR**
v.                                         :   **CASE MANAGEMENT**
UBS AMERICAS, INC., et al.,                :
Defendants.                                :   11 Civ. 5201 (DLC)
:
:
:
:
-------------------------------------------------------------------- x
:
FEDERAL HOUSING FINANCE AGENCY, etc.,      :
Plaintiff,                                 :
v.                                         :   11 Civ. 6188 (DLC)
JPMORGAN CHASE & CO., et al.,              :
Defendants.                                :
:
:
:
:
-------------------------------------------------------------------- x
:
FEDERAL HOUSING FINANCE AGENCY, etc.,      :
Plaintiff,                                 :
v.                                         :   11 Civ. 6192 (DLC)
DEUTSCHE BANK AG, et al.,                  :
Defendants.                                :
:
:
:
:
:
-------------------------------------------------------------------- x
:
FEDERAL HOUSING FINANCE AGENCY, etc.,      :
Plaintiff,                                 :
v.                                         :   11 Civ. 6195 (DLC)
BANK OF AMERICA CORP., et al.,             :
Defendants.                                :
:
:
:
:
:
-------------------------------------------------------------------- x

| | | |
|---|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc.,<br>Plaintiff,<br>v.<br>MERRILL LYNCH & CO., INC., et al.,<br>Defendants. | : : : : : : : : : : : : | 11 Civ. 6202 (DLC) |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc.,<br>Plaintiff,<br>v.<br>SG AMERICAS, INC., et al.,<br>Defendants. | : : : : : : : : : : : : | 11 Civ. 6203 (DLC) |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc.,<br>Plaintiff,<br>v.<br>MORGAN STANLEY, et al.,<br>Defendants. | : : : : : : : : : : : : | 11 Civ. 6739 (DLC) |

-------------------------------------------------------------------- x

Pursuant to the Court's directive at the May 14 conference and the May 15 Order[1], and as referenced in Section VI of Defendants' Submission Regarding Certain Matters Identified in the June 6, 2012 Rule 26(f) Joint Report ("Defendants' Common Submission"), this submission respectfully sets forth two proposals by certain Defendants (the "Proposals") in response to the Court's Initial Proposals.[2]

## I.   OVERVIEW

During the May 14, 2012 conference and in the May 15 Order, the Court invited the parties to submit proposals for the efficient management of the Actions in response to the Court's Initial Proposals. (5/14/12 Tr. at 56-57.) In addition to the proposals set forth in Defendants' Common Submission, certain Defendants propose the following two approaches to trial readiness, through "tranching" or otherwise, in light of several important principles:

First, in order to resolve all of the Actions in the most efficient and expeditious manner, fact and expert discovery in each Action should occur at the same time as fact and expert discovery in all other Actions. With respect to fact discovery, many of the 17 distinct

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in Defendants' Common Submission.

[2] Plaintiff has advised that it does not support either of the Proposals contained herein. The following Defendants endorse both Proposals: UBS Americas Inc., UBS Real Estate Securities Inc., UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc. (the "UBS Defendants"); JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation (the "JPM Defendants"); Bank of America Corporation, Bank of America, N.A., Asset Backed Funding Corp., Banc of America Funding Corp., Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Capital Inc., First Franklin Financial Corp., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Government Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Inc. (the "BOA/Merrill Defendants"); SG Americas, Inc., SG Americas Securities Holdings, LLC, SG Americas Securities, LLC, SG Mortgage Finance Corp., and SG Mortgage Securities, LLC (the "SocGen Defendants"); Deutsche Bank AG, Taunus Corporation, Deutsche Bank Securities Inc , DB Structured Products, Inc., Ace Securities Corp., Mortgage IT Securities Corp (the "Deutsche Bank Defendants"); RBS Securities Inc. ("RBS"); and Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, Saxon Asset Securities Company (the "Morgan Stanley Defendants").

corporate groups of defendants are named in multiple cases, and, as this Court and Plaintiff have recognized, no entity should be forced to be deposed multiple times. (*Id*. at 13.) Accordingly, proceeding with parallel tracks will facilitate the maximum coordination of deponents and avoid the logistical issues associated with having to schedule around different "tranches" that have different dates for deposition discovery.

<u>Second</u>, the Actions are not sufficiently related to warrant a "test" or "representative" case or other coordinated trial "tranching." Plaintiff did not designate any of the Actions as "related," and expressly concedes in its October 19, 2011 Proposal for the Efficient Administration of the Cases that "no party has claimed that the Cases qualify as 'related,' under Rule 13(d)" and "broad coordination between and among the Cases would <u>not</u> be appropriate or efficient here." (10/19/11 Submission at 5 (emphasis added).) Given Plaintiff's admission that even "broad coordination" is not appropriate, proceeding with a "test" or "representative" case, followed by coordinated trial "tranches," is not warranted and would serve only to delay final resolution of all of the Actions. We respectfully submit that these cases as a whole could be resolved more efficiently, and with greater consideration for the differences between them, by returning each case to the Judge to which it was originally assigned, following the completion of fact and expert discovery.

<u>Third</u>, in any event, the parties should substantially complete document discovery in all of the Actions before any determination is made as to whether a "test" or "representative" case or "tranching" is appropriate, and, if so, which specific cases should fall in which specific tranche. Following the completion of document discovery, the parties will be in a position to meet-and-confer to make an educated determination as to which case, if any, is the most representative of the other Actions.

**PROPOSAL A**

Following the completion of fact and expert discovery,[3] each case should be transferred back to the District Judge originally assigned to the Action for summary judgment and trial pursuant to that Judge's schedule.[4]  Allowing the cases to return to the Judges originally assigned to them would permit resolution of summary judgment motions on each of the distinct 16 evidentiary records – and, if necessary, completion of all 16 jury trials – on a more expedited basis than any alternative proposal.  Accordingly, this proposal would take advantage of all of the efficiencies to be gained through coordinated fact and expert discovery while not unnecessarily delaying resolution of <u>all</u> the Actions.  Indeed, while Plaintiff's sole objection to this Proposal during the June 5, 2012 meet-and-confer was that it would somehow "delay the Actions," the exact opposite is true: by allowing all of the Actions to proceed to summary judgment and trial without having to wait for prior tranches, this Proposal permits disposition of all of the Actions on a more expeditious basis than the Court's Initial Proposal or any other competing proposal.  In addition, we respectfully submit that allowing the Judge who will handle the trial of any case to be the one to decide the corresponding summary judgment motion is appropriate, insofar as it allows that Judge to decide what issues should be tried and to become familiar with what all parties agree will be an extensive record.

Moreover, a "test" or "representative" case or tranching is not appropriate here because Plaintiff did not designate any of these Actions as "related" and has repeatedly conceded,

---

[3] For the reasons set forth in Defendants' Common Submission, Defendants respectfully submit that the parties require, at a minimum: (i) six months for the substantial completion of document discovery in all of the Actions, and (ii) nine months for deposition discovery (including three months for expert discovery) in all of the Actions. (Defendants' Common Submission at 10.)  This combined 15 months for the completion of discovery in <u>all</u> Actions is shorter than the length of time necessary to complete discovery in all Actions under the Court's Initial Proposal or any other proposal that is being submitted to the Court.

[4] In its May 4, 2012 Opinion and Order addressing the UBS Defendants' motion to dismiss, this Court stated that the Actions "are currently concentrated before this Court for coordinated pretrial proceedings."  (5/4/12 Order at 2.)

*inter alia*, that "each Case presents unique issues pertaining to distinct sets of securitizations, requiring the application of law to the particular allegations and surrounding facts, and cannot be generally addressed or resolved on an undifferentiated basis." FHFA's Proposal For the Efficient Admin. of the Cases (Oct. 19, 2011), at 5.  Given Plaintiff's express representations, any efficiencies to be gained through having a "test" or "representative" case are far outweighed by the benefits of permitting each Action to be resolved more quickly by proceeding to trial before the Judges originally assigned to the respective Actions.

### **PROPOSAL B**

In any event, following the substantial completion of document discovery in all of the Actions, the parties should meet-and-confer to attempt to agree on:

- whether the cases are sufficiently related to warrant any "test" or "representative" Action;
- if so, which case is the most representative; and
- whether the parties would benefit from having the cases tried in "tranches."

Until the parties have conducted document discovery, the parties cannot make educated determinations as to any of these issues.  For example, in order to maximize any benefit from having a "test" or "representative" Action, the case that is selected should be the most similar to the greatest number of other Actions in terms of (i) the factual similarities between the securitizations at issue; (ii) the nature of due diligence performed by Fannie Mae or Freddie Mac in connection with their purchases and their interactions with Defendants; (iii) the nature of due diligence by Defendants in purchasing loans that backed the securitizations and/or in connection with their role as an underwriter; (iv) the specific breaches in the loan pools that Plaintiff is asserting; and (v) the precise statements in the offering disclosures that are being challenged as

4

well as the accompanying disclosures.

        Plaintiff's proposal to select at the outset a test case based on docket number deprives the parties of the opportunity to make a more informed selection based on these and a host of other relevant factors and may result in having to unnecessarily burden the resources of the Court and the parties.  Moreover, under any of the proposed schedules, document discovery must be substantially completed in all of the cases at the same time.  Accordingly, there is no possible downside to deferring the selection of a test case or the cases appropriate for tranching until after that time.

Dated: New York, New York
       June 6, 2012

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| Jay B. Kasner (jay.kasner@skadden.com) | Penny Shane (shanep@sullcrom.com) |
| Thomas J. Nolan (thomas.nolan@skadden.com) | Sharon L. Nelles (nelless@sullcrom.com) |
| Scott Musoff (scott.musoff@skadden.com) | Jonathan M. Sedlak (sedlakj@sullcrom.com) |
| Robert A. Fumerton (robert.fumerton@skadden.com) | David A. Castleman (castlemand@sullcrom.com) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SULLIVAN & CROMWELL LLP |
| Four Times Square | 125 Broad Street |
| New York, NY  10036 | New York, NY  10004 |
| *Attorneys for Defendants UBS Americas Inc., UBS Real Estate Securities Inc., UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc., David Martin, Per Dyrvik, Hugh Corcoran and Peter Slagowitz* | *Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation and certain of the Individual Defendants* |
| /s/ | /s/ |
| David Blatt (dblatt@wc.com) | Jay B. Kasner (jay.kasner@skadden.com) |
| John McNichols (jmcnichols@wc.com) | Scott Musoff (scott.musoff@skadden.com) |
| WILLIAMS & CONNOLLY LLP | George Zimmerman (george.zimmerman@skadden.com) |
| 725 Twelfth Street, N.W. | Robert A. Fumerton (robert.fumerton@skadden.com) |
| Washington, DC  20005 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | Four Times Square |
| | New York, NY  10036 |
| *Attorneys for Bank of America Corporation; Bank of America, N.A.; Asset Backed Funding Corp.; Banc of America Funding Corp.; Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Capital Inc., First Franklin Financial Corp., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Government Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Inc.* | *Attorneys for SG Americas, Inc., SG Americas Securities Holdings, LLC, SG Americas Securities, LLC, SG Mortgage Finance Corp., SG Mortgage Securities, LLC, Arnaud Denis, Abner Figueroa, Tony Tusi, and Orlando Figueroa* |

6

| | |
|---|---|
| /s/ | /s/ |
| Thomas C. Rice (trice@stblaw.com) | Thomas C. Rice (trice@stblaw.com) |
| David J. Woll (dwoll@stblaw com) | David J. Woll (dwoll@stblaw.com) |
| Alan C. Turner (aturner@stblaw.com) | Alan Turner (aturner@stblaw.com) |
| SIMPSON THACHER & BARTLETT LLP | SIMPSON THACHER & BARTLETT LLP |
| 425 Lexington Avenue | 425 Lexington Avenue |
| New York, NY  10017-3954 | New York, NY  10017 |
| | |
| *Attorneys for Defendants Deutsche Bank AG, Taunus Corporation, Deutsche Bank Securities Inc , DB Structured Products, Inc., Ace Securities Corp., Mortgage IT Securities Corp.* | *Attorneys for Defendant RBS Securities Inc.* |

  /s/
James R. Rouhandeh
Brian S. Weinstein
Daniel L. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, Saxon Asset Securities Company, Gail P. McDonnell, Howard Hubler, Craig S. Phillips, Alexander C. Frank, David R. Warren, John E. Westerfield, and Steven S. Stern*