UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
:
FEDERAL HOUSING FINANCE AGENCY, etc., : **DEFENDANTS'**
: **SUBMISSION REGARDING**
Plaintiff, : **SAMPLING PROTOCOLS**
v. :
: 11 Civ. 5201 (DLC)
UBS AMERICAS, INC., et al., :
:
Defendants. :
------------------------------------------------------------------- x
:
:
FEDERAL HOUSING FINANCE AGENCY, etc., :
:
Plaintiff, : 11 Civ. 6188 (DLC)
v. :
:
JPMORGAN CHASE & CO., et al., :
:
Defendants. :
------------------------------------------------------------------- x
:
:
FEDERAL HOUSING FINANCE AGENCY, etc., :
:
Plaintiff, : 11 Civ. 6189 (DLC)
v. :
:
HSBC NORTH AMERICA HOLDINGS, INC., et :
al., :
:
Defendants. :
------------------------------------------------------------------- x
:
:
FEDERAL HOUSING FINANCE AGENCY, etc., :
:
Plaintiff, : 11 Civ. 6190 (DLC)
v. :
:
BARCLAYS BANK PLC, et al., :
:
Defendants. :
------------------------------------------------------------------- x

```
-----------------------------------------------------------------x
                                                                 :
                                                                 :
FEDERAL HOUSING FINANCE AGENCY, etc.,                            :
                                                                 :    11 Civ. 6192 (DLC)
                Plaintiff,                                       :
        v.                                                       :
                                                                 :
DEUTSCHE BANK AG, et al.,                                        :
                                                                 :
                Defendants.                                      :
-----------------------------------------------------------------x
                                                                 :
                                                                 :
FEDERAL HOUSING FINANCE AGENCY, etc.,                            :
                                                                 :    11 Civ. 6193 (DLC)
                Plaintiff,                                       :
        v.                                                       :
                                                                 :
FIRST HORIZON NATIONAL CORP., et al.,                            :
                                                                 :
                Defendants.                                      :
-----------------------------------------------------------------x
                                                                 :
                                                                 :
FEDERAL HOUSING FINANCE AGENCY, etc.,                            :
                                                                 :    11 Civ. 6195 (DLC)
                Plaintiff,                                       :
        v.                                                       :
                                                                 :
BANK OF AMERICA CORP., et al.,                                   :
                                                                 :
                Defendants.                                      :
-----------------------------------------------------------------x
                                                                 :
                                                                 :
FEDERAL HOUSING FINANCE AGENCY, etc.,                            :
                                                                 :    11 Civ. 6196 (DLC)
                Plaintiff,                                       :
        v.                                                       :
                                                                 :
CITIGROUP INC., et al.,                                          :
                                                                 :
                Defendants.                                      :
-----------------------------------------------------------------x
```

```
-----------------------------------------------------------------x
                                                                 :
                                                                 :
FEDERAL HOUSING FINANCE AGENCY, etc.,                            :
                                                                 :   11 Civ. 6198 (DLC)
                    Plaintiff,                                   :
            v.                                                   :
                                                                 :
GOLDMAN, SACHS & CO., et al.,                                    :
                                                                 :
                    Defendants.                                  :
-----------------------------------------------------------------x
                                                                 :
                                                                 :
FEDERAL HOUSING FINANCE AGENCY, etc.,                            :
                                                                 :   11 Civ. 6200 (DLC)
                    Plaintiff,                                   :
            v.                                                   :
                                                                 :
CREDIT SUISSE HOLDINGS (USA), INC., et al.,                      :
                                                                 :
                    Defendants.                                  :
-----------------------------------------------------------------x
                                                                 :
                                                                 :
FEDERAL HOUSING FINANCE AGENCY, etc.,                            :
                                                                 :   11 Civ. 6201 (DLC)
                    Plaintiff,                                   :
            v.                                                   :
                                                                 :
NOMURA HOLDING AMERICA, INC., et al.,                            :
                                                                 :
                    Defendants.                                  :
-----------------------------------------------------------------x
                                                                 :
                                                                 :
FEDERAL HOUSING FINANCE AGENCY, etc.,                            :
                                                                 :   11 Civ. 6202 (DLC)
                    Plaintiff,                                   :
            v.                                                   :
                                                                 :
MERRILL LYNCH & CO., INC., et al.,                               :
                                                                 :
                    Defendants.                                  :
-----------------------------------------------------------------x
```

```
------------------------------------------------------------- x
                                                              :
                                                              :
FEDERAL HOUSING FINANCE AGENCY, etc.,                         :
                                                              :   11 Civ. 6203 (DLC)
                                    Plaintiff,                :
            v.                                                :
                                                              :
SG AMERICAS, INC., et al.,                                    :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- x
                                                              :
                                                              :
FEDERAL HOUSING FINANCE AGENCY, etc.,                         :
                                                              :   11 Civ. 6739 (DLC)
                                    Plaintiff,                :
            v.                                                :
                                                              :
MORGAN STANLEY, et al.,                                       :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- x
                                                              :
                                                              :
FEDERAL HOUSING FINANCE AGENCY, etc.,                         :
                                                              :   11 Civ. 7010 (DLC)
                                    Plaintiff,                :
            v.                                                :
                                                              :
ALLY FINANCIAL INC., et al.,                                  :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- x
                                                              :
                                                              :
FEDERAL HOUSING FINANCE AGENCY, etc.,                         :
                                                              :   11 Civ. 7048 (DLC)
                                    Plaintiff,                :
            v.                                                :
                                                              :
GENERAL ELECTRIC COMPANY, et al.,                             :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- x
```

## INTRODUCTION

The Federal Housing Finance Agency ("Plaintiff") proposes that this Court endorse, before any loan file has been produced, a sampling methodology that would limit the scope of discovery and admissible evidence and, apparently, govern all aspects of these cases, including liability, loss causation, due diligence defenses and damages. Plaintiff's proposal in large part contravenes core principles of statistics and implicates defendants' ability to put on evidence in their defense. While Defendants recognize the need for and are willing to discuss efficient case management in these actions, acceptance of this proposal would be tantamount to permitting the very type of "Trial by Formula" the Supreme Court repudiated last year. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011) (denying class certification where the proposed method of proof—extrapolation from a sample of claims—would deny the defendant its right to "litigate its statutory defenses to individual claims").

Defendants continue to believe that the proper approach here, as in any civil case, is for each party to present its own evidence consistent with the Federal Rules of Evidence and other applicable law, through sampling or otherwise, based upon a fully developed factual record and subject to adversarial examination.[1] If each side decides to include among that evidence a proffer of competing sampling methodologies that are both deemed admissible following any *Daubert* challenges, it is the role of the jury to weigh their respective probative value and determine which is more persuasive.

Nevertheless, in an effort to respond to this Court's request that the parties engage in an attempt to arrive at an agreed-upon sampling protocol, at a May 18 meet and confer and again in writing on June 1, Defendants requested that FHFA provide the same type of information

---

[1] Defendants respectfully inform the Court that the statement in the Court's May 15, 2012 Order that "the parties agreed that . . . discovery should be confined to a sample of the files" is not an accurate statement of Defendants' position. To the contrary, Defendants believe it is critical that discovery not be so limited.

regarding sampling used by the GSEs that the Court requested from UBS. In addition, on June 1, Defendants provided to Plaintiff a detailed outline describing several concerns and asking a series of questions regarding Plaintiff's proposal and, while reserving their rights, providing detail regarding what Defendants believe a more appropriate proposal might look like. (*See* 6/1/12 Letter and Enclosure, Ex. 1.) Plaintiff steadfastly refused to provide any information in response to Defendants' requests and declined to engage in any meaningful discussion, claiming they already had said enough in their February 2012 submission. As a result, at this early stage, without the benefit of any discovery or further information from Plaintiff, Defendants have attempted to respond to Plaintiff's original February 2012 "proposal" and provide their own proposed sampling protocol for estimating the extent of alleged misstatements regarding compliance with underwriting guidelines, LTV ratios, and owner-occupancy rates, which is set forth in the accompanying Declaration of Arnold Barnett, Ph.D. (the "Barnett Decl."), but which remains subject to revision in the event that facts adduced during discovery or other developments in the case challenge any of the assumptions made therein.

## DISCUSSION

### I. DEFENDANTS MUST BE PERMITTED TO OBTAIN THE INFORMATION NECESSARY TO LITIGATE THESE ACTIONS.

Plaintiff's proposed sampling protocol, if adopted, would deny Defendants a meaningful opportunity to develop and present evidence to support their defenses in these actions in violation of defendants' Fifth and Seventh Amendment rights. Plaintiff proposes using the same sampling methodology, including the same limited universe of loans, for all elements of all claims and defenses in these actions, apparently to the exclusion of any other methodology or evidence. Under the proposal, Defendants would be prohibited from accessing or offering proof regarding any loan files outside the limited universe selected in the sample. Such an approach

improperly would preclude any testing or questioning of the validity of the sample as discovery and further expert analysis unfold. Defendants specifically object to any use of sampling that would: (1) deprive Defendants of their right to offer evidence probative of the issues in these cases, including evidence from loan files, information, or documents underlying or related to the securitizations (even those not included in any sample); (2) prematurely determine admissibility issues before an adequate record is developed and deprive them of the ability to examine or challenge Plaintiff's evidence at trial, including evidence derived from sampling, under *Daubert* and Federal Rule of Evidence 702; or (3) violate Defendants' Seventh Amendment right or usurp the role of the fact-finder, including with respect to the probative value of any attempt to extrapolate conclusions from a sample.[2]

Plaintiff's approach is likely to hinder Defendants' ability to establish their loss causation and due diligence affirmative defenses and inhibit accurate damages calculations. For example, in order to establish that any alleged misrepresentations did not cause any purported losses, Defendants may seek to analyze "defective loans" and "non-defective loans" with similar characteristics and measure the various factors that caused borrowers to default, which is one of several ways of showing that the purported breaches did not cause Plaintiff's losses. As discussed in the accompanying Declaration of Christopher M. James, Ph.D. ("James Decl."), such a comparison requires a sufficiently large sample to compare the marginal impacts on default of numerous factors, such as regional home price declines or unemployment increases, necessitating a far greater sample size than that proposed by Plaintiff. (James Decl. ¶ 12.) Moreover, limiting loan-level discovery only to the loans in a given sample improperly and unfairly would interfere with Defendants' ability to present their due diligence defenses. Defendants plan to offer

---

[2] Certain Defendants maintain that statistical sampling is neither necessary nor appropriate in their cases given the small number of loans at issue.

3

evidence of their due diligence on particular loans in the securitizations at issue in support of their due diligence defenses, but those loans may not be part of any sample. Due process requires that Defendants be permitted to gather facts in discovery necessary to present that defense.[3]

Courts have rejected proposed sampling protocols that would either eliminate plaintiff's burden on a particular claim or prevent a defendant from putting on its case. In *Bayer Corp. v. United States*, the court rejected a plaintiff's proposal to limit discovery based on statistical sampling because it would "eliminate entirely [the plaintiff's] burden of proof with regard to all" tax credits at issue outside of the sample population. Civ. A. No. 09-351, 2012 WL 393469, at *13 (W.D. Pa. Feb. 6, 2012). The court further rejected the sampling proposal to the extent it would have "preclude[d] the [defendant] from offering at a trial of this matter any evidence not produced as part of the sampling plan," emphasizing that such a sampling plan "[was] not acceptable in the absence of agreement" by the defendant. *Id.* at *18, *20; *see also Republic Svcs., Inc. v. Liberty Mut. Ins. Co.*, No. Civ. A. 03-494, 2006 WL 2844122, at *2 (E.D. Ky. Oct. 2, 2006) (denying plaintiff's motion for judicial notice of sampling method, noting defendant "may challenge the admissibility, methodology and qualifications of [plaintiff's] experts and the statistical sampling method employed and results obtained during cross-examination and during presentation of its defense"). Likewise here, Plaintiff intends to "cluster" (or group) pools of loans and sample loans from only some of the pools in the cluster, and hold Defendants liable for misstatements about certain loans based on analysis of an entirely separate set of loans.

A recent decision in another RMBS case, *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, No. 08/602825, 30 Misc. 3d 1201(A), 2010 WL 5186702 (N.Y. Sup. Ct. N.Y. Cnty.), is consistent with the above principles. Plaintiff in that case is represented by the same

---

[3] Similarly, Defendants may want to seek discovery regarding any loans that Fannie Mae or Freddie Mac may have reviewed or about which they communicated with issuers during the securitization process for purposes of establishing the GSEs' knowledge. During a June 5 meet and confer, Plaintiff acknowledged that both parties may seek discovery of certain loan files beyond the sample for certain purposes.

4

Quinn Emanuel counsel as in these actions and retained the same sampling expert, Dr. Charles Cowan. There, the court concluded that the defendants' ability to present evidence could *not* be limited by the plaintiff's proposed protocol. *See id.* at *6 ("[T]he court makes no finding that Plaintiff's proposed method is the only method by which Plaintiff (or Defendant) may present evidence"); *id.* ("As Plaintiff may present its case as it chooses, so may Defendants rebut Plaintiff's proffered arguments through Defendants['] own sampling chosen in a statistically valid manner."). Nothing in that order precludes defendants there from challenging any inference from any sample presented by the plaintiff or offering a competing sampling methodology for the jury to consider. *Id.* at *6-7 ("the court makes no finding . . . that Plaintiff's method is without flaw or unsusceptible to challenge"; "[t]he ultimate trier of fact" will decide whether Plaintiff has proven each element of its claim). Rather, Defendants retained their fundamental Seventh Amendment right to challenge evidence presented to the jury and to present such evidence as they deem necessary. That is the only appropriate way to proceed here.

## II.     PLAINTIFF'S PROPOSAL IS INSUFFICIENT.

Plaintiff's proposed sampling protocol seeks to identify the extent of Defendants' alleged material misstatements related to underwriting standards, loan-to-value ratios and owner-occupancy rates as well as to prove scienter and to calculate damages. (Plaintiff's Proposal at 5-6.) Rather than repeat the detailed description in Dr. Barnett's report regarding the flaws in Plaintiff's approach, we focus here on three of the main problems.

*First*, Plaintiff proposes clustering certificates within a given case based on the unproven assumption that each certificate, if the subject of a statistically valid sample, would produce the same results as those from the clustered sample. Setting aside the strong legal objections to this assumption, Plaintiff concedes that this assumption is unwarranted if the underlying loan pools are not "sufficiently homogenous" (Barnett Decl. ¶¶ 13(b), 28-30;

5

Plaintiff's Proposal at 10); in other words, the underlying loan pools have to be sufficiently similar along the variables that one would expect to coincide with a breach of underwriting guidelines. Expert testimony is required to identify the variables that coincide with breaches of underwriting guidelines, but the only expert Plaintiff has identified to date—Dr. Charles Cowan, a statistician—does not appear to have the requisite qualifications to opine on this issue. In any event, in connection with the *MBIA v. Countrywide* case, Dr. Cowan previously recommended drawing samples on a securitization-by-securitization basis because of the differences between the loans underlying each securitization—including "product type" (*i.e.*, home equity lines of credit or closed end second liens), and "vintage." (*MBIA* Cowan Aff. ¶ 56.)

While Plaintiff has refused to provide Defendants with any information about its clustering methodology or any analysis of the homogeneity (or lack thereof) of the relevant loan pools, enough is known about the loan pools to know that clustering will not work. For example, Dr. Barnett analyzed the 24 UBS loan pools, which Dr. Barnett considered by way of illustration relevant across the actions, and found substantial variation among them. (Barnett Decl. ¶¶ 32-34, 39.) For example, the loans underlying the UBS certificates: (1) have no fewer than 20 different originators (with different underwriting guidelines and different exceptions policies), (2) span a three-year origination timeframe from 2005 to 2007, and (3) vary significantly along a number of critical factors including FICO, LTV ratios, owner-occupancy, documentation type, loan performance, geography, and loan purpose. (*Id.*) Thus, the loan pools are too heterogeneous to support Plaintiff's proposed clustering.

Moreover, Plaintiff's proposal regarding how to sample from the cluster, either by sampling only from the supporting loan pools for a few "representative" certificates and therefore sampling *no loans* from all other certificates in the cluster, or by sampling a small number of loans each from allegedly similar certificates in a given case, is fundamentally flawed.

6

Specifically, under either proposal, a statistically valid sample would not be drawn from many or all of the certificates at issue, and thus, the sample itself would say little to nothing about whether statements in a particular prospectus about a specific certificate were materially false.[4]

*Second*, Plaintiff's Proposal does not adequately address whether the sample drawn for purposes of determining liability would also be appropriate for other uses (*id.* ¶¶ 14(h), 64, 79-82; James Decl. ¶¶ 14, 35), and Plaintiff has refused to respond to Defendants' requests for any additional information. For example, the data requirements for a loss causation or damages analysis likely will extend substantially beyond those for determining liability. (James Decl. ¶¶ 13, 24-26, 35.) Such an assessment would require, among other things, examining the performance of the loans and isolating which defaults are attributable to alleged breaches as opposed to other factors, such as the deterioration in the economic environment beginning in 2007. With regard to damages, Plaintiff's expert, Dr. Cowan, acknowledged in the *MBIA v. Countrywide* matter, that an appropriate methodology requires substantial preliminary analysis. (*MBIA* Cowan Aff. ¶ 10 ("The actual method to be used depends on the availability of data and the relationships between the variables in the sample. As such, the determination of which method to use depends on the results of the testing on the samples.").) Recognizing this uncertainty, MBIA reserved its rights to draw a larger sample. (*Id.* ¶ 8 n.2.) As described below, the need for a flexible and iterative approach to sampling is fundamental. This is particularly so if it is intended to limit discovery, which was not what the court ordered in *MBIA v. Countrywide*.

*Third*, although Plaintiff's proposed confidence level of 95 percent is commonly used in statistical studies and reasonable from a statistical point of view, it remains to be

---

[4] This approach is particularly flawed as to individual defendants subject to potential liability with respect to certain certificates but not others. Because plaintiff cannot be relieved of its obligation to put forth evidence relevant to the actual certificates for which it seeks to hold any of the individual defendants liable, the individual defendants adopt and incorporate by reference the Individual Bank of America and Merrill Lynch Defendants' Supplemental Submission and Objection Regarding Sampling Protocols, filed today in 11-cv-6195 and 11-cv-6202.

7

established through further proceedings in these actions whether it is appropriate from a legal perspective. Further, Plaintiff's choice of a ± 5 percentage point margin of error is arbitrary and insufficiently precise. Freddie Mac's quality-control guidelines use a ± 2 percentage point margin of error in certain circumstances, and Plaintiff's allegation regarding its "forensic review" of 996 loans from two securitizations in the UBS Second Amended Complaint amounts to a margin of error of between ± 2.2 and 2.7 percentage points. (Barnett Decl. ¶¶ 46-47.) While Plaintiff ultimately can choose whatever margin of error it wishes, Defendants have the fundamental right to challenge the adequacy of its approach and/or offer a more precise competing methodology.

## III. DEFENDANTS' PROPOSED SAMPLING PROTOCOL.

It is not appropriate for a sampling protocol created in advance of any discovery to govern all aspects of these actions. Dr. Barnett's proposed protocol, based on his review and analysis of available loan level data for the 24 UBS pools, is limited to determining the extent of misrepresentations on the three issues identified by Plaintiff. (*Id.* ¶¶ 65-66.) Dr. Barnett's proposal (which is submitted subject to Defendants' overall reservations regarding sampling) does not—because it cannot—address all specific elements of, and factual issues relating to, all of the claims and defenses at issue in these actions.

*First*, the limited question to be answered by Defendants' proposal is, for each of the relevant loan pools, the percentage of loan files for which the offering documents contained the alleged material misstatements (*i.e.*, "breach") of (i) compliance with underwriting guidelines, (ii) stated LTV ratios or (iii) owner-occupancy rates.[5] (*Id.* ¶ 66.)

---

[5] Plaintiff has adopted but has not justified the assumption that the relevant inquiry is a binary yes/no question, even with respect to the alleged misrepresentation of adherence to underwriting guidelines, which is a complex inquiry. If that assumption turns out to be incorrect, any samples drawn based on the assumption of binary questions may turn out to be too small to draw any conclusions from the sample within the specified margin of error. (Barnett Decl. ¶¶ 18, 20, 23.) Further development of the record in these actions is necessary to determine whether Plaintiff's simple approach is an accurate reflection of the facts and/or law.

8

*Second*, when selecting the appropriate population from which the sample should be drawn, the sampling methodology applied for liability should be consistent with the claims for which Plaintiff actually alleges Defendants are liable. (*Id.* ¶ 67.) Plaintiff has sued Defendants on a certificate-by-certificate basis alleging misstatements in the specific offering documents for those specific certificates. (*See, e.g.*, UBS SAC ¶¶ 76-281.) Accordingly, Plaintiff must prove liability for the statements made with respect to each certificate. At a minimum, a sample must be drawn from the loan pool supporting *each certificate* at issue in each case. Moreover, the offering documents and Plaintiff's own allegations distinguish between originators even within the same loan pool, which requires an even more targeted sample. In the UBS Action, for example, Plaintiff alleges departures from the applicable underwriting guidelines for loans underlying certain securitizations based on allegations broken out by originators for those loans. (*E.g., id.* ¶ 142; *see* Barnett Decl. ¶¶ 68-71.) Likewise, the offering documents for various certificates differentiate between originators and have specific disclosures as to the different underwriting guidelines and provisions within those guidelines for making exceptions. For example, the offering documents for the MABS 2005-HE2 securitization describe different levels of exceptions for different originators. Specifically, with respect to MILA, Inc., the offering documents disclosed that, on a case-by-case basis, exceptions to the underwriting guidelines "*may be allowed* if the application reflects compensating factors." (Barnett Decl. ¶ 69.) With respect to New Century Mortgage Corporation, however, the offering documents disclosed that "*it is expected that a substantial portion* of the mortgage loans in the mortgage pool that were originated by New Century will represent" exceptions to New Century's underwriting guidelines. (*Id.*; *see also id.* ¶ 70 (citing additional examples).) Thus, if a sample is too small with respect to originators, such a protocol would prevent the parties from drawing statistically valid conclusions about each originator within the specified margin of error. (*Id.*

9

¶¶ 71, 76.) Accordingly, for each multi-originator deal, any sample must, at a minimum, include a sufficient number of loans *for each originator* to achieve the desired statistical precision.

*Third*, the sample for each relevant population should be selected using either simple random sampling or proportionate stratified sampling, depending on the circumstances. (*Id.* ¶ 74.) Further, Defendants propose that any selection process must either include a "buffer" or redundancies in order to account for the incidence of missing or incomplete loan files. (*Id.* ¶ 60.) Following the drawing of either type of sample, the sample should be analyzed for representativeness to ensure that the sample is proportionally similar in distribution to the loan population along numerous observable dimensions. (*Id.* ¶ 74; *MBIA* Cowan Aff. ¶¶ 77-80, 94.)

*Fourth*, sample size is accomplished using well established statistical formulas. (Barnett Decl. ¶¶ 58-59.) Thus, a sample in the UBS Action must include 25,533 loans (out of a total population of 43,845 loans), at a minimum, for a 95 percent confidence level and ± 2 percentage point margin of error.[6] (*Id.* ¶ 77 & Ex. 4.) This amount may change depending on individual variables and facts adduced during discovery concerning the pools of loans supporting each of the certificates the GSEs purchased and ultimate determinations regarding the appropriate confidence level and margin of error.

As noted, a sample selected for one purpose may be inappropriate for other purposes. (*Id.* ¶¶ 14(h), 64, 79-82.) Should the sample taken to address breach rates be insufficient to achieve statistical precision for other purposes (such as, *inter alia*, fraud and scienter, materiality, loss causation, due diligence and damages), Defendants must have access to all of the loan files or, at a minimum, be given the opportunity to engage in a multi-step sampling protocol (including the sampling of additional loan files). (*Id.* ¶¶ 78, 82; James Decl. ¶¶ 24-26.)

---

[6] With the same 95 percent confidence level, the minimum sample for a ± 3 percentage point margin of error would be 17,446 loans, and for a ± 5 percentage point margin of error would be 9,066 loans.

10

Dated: June 6, 2012
      New York, New York

Respectfully submitted,

/s Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG, Taunus Corporation, Deutsche Bank Securities Inc , DB Structured Products, Inc., Ace Securities Corp., Mortgage IT Securities Corp.*

/s Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants UBS Americas Inc., UBS Real Estate Securities Inc., UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc., David Martin, Per Dyrvik, Hugh Corcoran and Peter Slagowitz*

/s Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America Holdings Inc., HSBC USA Inc., HSBC Markets (USA) Inc., HSBC Bank USA, NA., HSI Asset Securitization Corporation, HSBC Securities (USA) Inc., Neal Leonard, Gerard Mattia, Todd White, Norman Chaleff, and Jon Voigtman*

/s Brad S. Karp
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup Mortgage Loan Trust Inc., Citigroup Global Markets Realty Corp., Citigroup Global Markets Inc., Susan Mills, Randall Costa, Scott Freidenrich, Richard A. Isenberg, Mark I. Tsesarsky, Peter Patricola, Jeffrey Perlowitz and Evelyn Echevarria*

11

__/s James P. Rouhandeh__
James P. Rouhandeh
Brian S. Weinstein
Daniel J. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, Saxon Asset Securities Company, Gail P. McDonnell, Howard Hubler, Craig S. Phillips, Alexander C. Frank, David R. Warren, John E. Westerfield, and Steven S. Stern*

__/s Bruce E. Clark__
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Attorneys for Defendants First Horizon National Corporation, First Tennessee Bank National Association, FTN Financial Securities Corporation, First Horizon Asset Securities, Inc., Gerald L. Baker, Peter F. Makowiecki, Charles G. Burkett, and Thomas Wageman*

__/s Penny Shane__
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation and certain of the Individual Defendants*

__/s David H. Braff__
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Barclays Capital Inc., Barclays Bank PLC, Securitized Asset Backed Receivables LLC, Paul Menefee, John Carroll, and Michael Wade*

/s David Blatt
David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

*Attorneys for Bank of America Corporation; Bank of America, N.A.; Asset Backed Funding Corp.; Banc of America Funding Corp.; Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Capital Inc., First Franklin Financial Corp., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Government Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Inc.*

/s Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Goldman, Sachs & Co, GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group, Inc., Goldman Sachs Real Estate Funding Corp., Peter C. Aberg, Howard S. Altarescu, Robert J. Christie, Kevin Gasvoda, Michelle Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks, Mark Weiss*

/s Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

*Attorneys for Credit Suisse Securities (USA) LLC, Credit Suisse Holdings (USA), Inc., Credit Suisse (USA), Inc., DLJ Mortgage Capital, Inc., Credit Suisse First Boston Mortgage Securities Corporation, Asset Backed Securities Corporation, Credit Suisse First Boston Mortgage Acceptance Corporation, Andrew A. Kimura, Jeffrey A. Altabef, Eveleyn Echevarria, Michael A. Marriott, Zev Kindler, John P. Graham, Thomas E. Siegler, Thomas Zingalli, Carlos Onis, Steven L. Kantor, Joseph M. Donovan, Juliana Johnson, and Greg Richter*

/s Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Attorneys for Defendants Nomura Securities International, Inc., Nomura Holding America Inc., Nomura Asset Acceptance Corporation, Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc., David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and N. Dante LaRocca*

13

| | |
|---|---|
| /s Jay B. Kasner | /s Vernon Broderick |
| Jay B. Kasner (jay.kasner@skadden.com) | Greg A. Danilow (greg.danilow@weil.com) |
| Scott Musoff (scott.musoff@skadden.com) | Vernon Broderick |
| George Zimmerman | (vernon.broderick@weil.com) |
| (george.zimmerman@skadden.com) | WEIL, GOTSHAL, & MANGES LLP |
| Robert A. Fumerton | 767 Fifth Avenue, 25th Fl. |
| (robert.fumerton@skadden.com) | New York, NY  10153 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | |
| Four Times Square | *Attorneys for General Electric Company, General Electric Capital Services, Inc., GE Mortgage Holding, LLC, GE-WMC Securities, LLC* |
| New York, NY  10036 | |

*Attorneys for SG Americas, Inc., SG Americas Securities Holdings, LLC, SG Americas Securities, LLC, SG Mortgage Finance Corp., and SG Mortgage Securities, LLC, Arnaud Denis, Abner Figueroa, Tony Tusi, and Orlando Figueroa*

| | |
|---|---|
| /s David Potter | /s Sandra D. Hauser |
| David Potter (dpotter@lpgllp.com) | Sandra D. Hauser |
| LAZARE, POTTER & GIACOVAS LLP | (sandra.hauser@snrdenton.com) |
| 950 Third Avenue | Patrick Fitzmaurice |
| New York, New York  10022 | (patrick.fitzmaurice@snrdenton.com) |
| | |
| Jeffrey A. Lipps (lipps@carpenterlipps.com) | SNR DENTON US LLP |
| Jennifer A.L. Battle | 1221 Avenue of the Americas |
| (battle@carpenterlipps.com) | New York, New York 10020 |
| CARPENTER LIPPS & LELAND LLP | |
| 280 Plaza, Suite 1300 | *Attorneys for Matthew Perkins* |
| 280 N. High Street | |
| Columbus, Ohio  43215 | |

*Attorneys for Defendants Ally Securities, LLC*

14

   /s Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Ally Financial Inc. and GMAC Mortgage Group, Inc.*

   /s Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

*Attorneys for Defendant RBS Securities Inc.*

   /s Joel C. Haims
Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael Nierenberg*

   /s Dani R. James
Dani R. James
Jade A. Burns
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jeffrey L. Verschleiser*

   /s Robert F. Serio
Robert F. Serio (RSerio@gibsondunn.com)
Aric H. Wu (AWu@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Citigroup Global Markets, Inc., Deutsche Bank Securities Inc., RBS Securities Inc. and UBS Securities LLC*

   /s Pamela Rogers Chepiga
Pamela Rogers Chepiga
Josephine A. Cheatham
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
pamela.chepiga@allenovery.com
allie.cheatham@allenovery.com

*Attorneys for Defendant Samuel L. Molinaro, Jr*

15

   /s Richard A. Edlin
Richard A. Edlin (edlinr@gtlaw.com)
Ronald D. Lefton (leftonr@gtlaw.com)
Candace Camarata (camaratac@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166

*Attorneys for Defendant Jeffrey Mayer*