```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY, etc.,   :
                  Plaintiff,            :
               -v-                      :    11 Civ. 6203 (DLC)
                                        :
SG AMERICAS, INC., et al.,              :    OPINION & ORDER
                  Defendants.           :
                                        :
----------------------------------------X
```

APPEARANCES:
For the Plaintiff:
Marc E. Kasowitz
Hector Torres
Christopher P. Johnson
Michael A. Hanin
Kanchana Wangkeo Leung
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019

For Defendants:
Jay B. Kasner
Scott D. Musoff
Joseph N. Sacca
Robert A. Fumerton
Bryan Levine
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

DENISE COTE, District Judge:

    This is one of sixteen actions currently before this Court in which the Federal Housing Finance Agency ("FHFA" or "the Agency"), as conservator for Fannie Mae and Freddie Mac (together, the "Government Sponsored Enterprises" or "GSEs"), alleges misconduct on the part of the nation's largest financial institutions in connection with the offer and sale of certain

mortgage-backed securities purchased by the GSEs in the period between 2005 and 2007.[1]  As amended, the complaints in each of the FHFA actions assert that the Offering Documents used to market and sell Residential Mortgage-Backed Securities ("RMBS") to the GSEs during the relevant period contained material misstatements or omissions with respect to the owner-occupancy status, loan-to-value ("LTV") ratio, and underwriting standards that characterized the underlying mortgages.  On the basis of these allegations, the complaints assert claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, l(a)(2), o; the Virginia Securities Act, VA Code Ann. § 13.1-522(A)(ii), (C); and the District of Columbia Securities Act, D.C. Code § 31-5606.05(a)(1)(B), (c).  In six of the cases,

---

[1] The sixteen cases are: FHFA v. UBS Americas, Inc., et al., 11 Civ. 5201 (DLC); FHFA v. JPMorgan Chase & Co., et al., 11 Civ. 6188 (DLC); FHFA v. HSBC North America Holdings, Inc., et al., 11 Civ. 6189 (DLC); FHFA v. Barclays Bank PLC, et al., 11 Civ 6190 (DLC); FHFA v. Deutsche Bank AG, et al., 11 Civ. 6192 (DLC); FHFA v. First Horizon National Corp., et al., 11 Civ 6193 (DLC); FHFA v. Bank of America Corp., et al., 11 Civ. 6195 (DLC); FHFA v. Citigroup Inc., et al., 11 Civ. 6196 (DLC); FHFA v. Goldman, Sachs & Co., et al., 11 Civ. 6198 (DLC); FHFA v. Credit Suisse Holdings (USA), Inc., et al., 11 Civ. 6200 (DLC); FHFA v. Nomura Holding America, Inc., et al., 11 Civ. 6201 (DLC); FHFA v. Merrill Lynch & Co., Inc., et al., 11 Civ. 6202 (DLC); FHFA v. SG Americas, Inc., et al., 11 Civ. 6203 (DLC); FHFA v. Morgan Stanley, et al., 11 Civ. 6739 (DLC); FHFA v. Ally Financial Inc., et al., 11 Civ. 7010 (DLC); FHFA v. General Electric Co., et al, 11 Civ. 7048 (DLC).  The FHFA has also brought two similar actions, which are pending in federal courts in California and Connecticut.  See FHFA v. Countrywide Financial Corp., et al., No. 12 Civ. 1059 (MRP) (C.D. Cal.); FHFA v. Royal Bank of Scotland, No. 11 Civ. 1383 (AWT) (D. Conn).

though not this one, the Agency has also asserted claims of fraud and aiding and abetting fraud against the certain entity defendants under the common law of New York State (the "Fraud Claim Cases").[2]

The Court has already issued several Opinions addressing motions to dismiss in other cases brought by the FHFA.[3] Familiarity with those Opinions is assumed; all capitalized terms have the meanings previously assigned to them.

Following this Court's decision of the motion to dismiss in FHFA v. UBS, discovery began in all of the coordinated cases. Briefing of defendants' motions to dismiss in the remaining fifteen cases has occurred in two phases, with the motions in

---

[2] As noted in previous Opinions, the plaintiff also pleads defendants' statements regarding the credit ratings of the Certificates as a separate category of misstatement under the Securities Act.  These claims are largely derivative of the three core representations described above.

[3] Federal Housing Finance Agency v. UBS Americas, Inc. et al., 858 F. Supp. 2d 306 (S.D.N.Y. 2012) ("UBS I"); Federal Housing Finance Agency v. UBS Americas, Inc., et al., No. 11 Civ. 5201 (DLC), 2012 WL 2400263 (S.D.N.Y. June 26, 2012) ("UBS II"); Federal Housing Finance Agency v. JPMorgan Chase & Co., et al., No. 11 Civ. 7188 (DLC), 2012 WL 5395646 (S.D.N.Y. Nov. 5, 2012) ("Chase"); FHFA v. Merrill Lynch & Co., et al., No. 11 Civ. 6202 (DLC), 2012 WL 5351188 (S.D.N.Y. Nov. 8, 2012) ("Merrill"); FHFA v. Deutsche Bank, et al., No. 11 Civ. 6192 (DLC), 2012 WL 5471864 (S.D.N.Y. Nov. 12, 2012) ("Deutsche Bank"); FHFA v. Goldman Sachs & Co, et al., No. 11 Civ. 6198, 2012 WL 5494923 (S.D.N.Y. Nov. 12, 2012) ("Goldman"); FHFA v. Barclays Bank PLC, et al., No. 11 Civ. 6190, 2012 WL 5844189 (S.D.N.Y. Nov. 19, 2012) ("Barclays"); FHFA v. Morgan Stanley, No. 11 Civ. 6739 (DLC), 2012 WL 5868300 (S.D.N.Y. Nov. 19, 2012) ("Morgan Stanley").

3

Fraud Claim Cases becoming fully submitted on October 11, 2012. The motions in this case and the remaining eight cases were fully submitted November 9, 2012.  Depositions are to begin in all cases in January 2013, and all fact and expert discovery in this matter must be concluded by December 6, 2013.  Trial in this matter is scheduled to begin in January 2015 as part of the fourth tranche of trials in these coordinated actions.

This case concerns three RMBS Certificates allegedly purchased by the GSEs in 2006.  Each of the GSE Certificates was issued pursuant to one of two shelf-registration statements. The lead defendant is SG Americas ("SG").  Several corporate affiliates of SG and four associated individuals are also defendants.  SG affiliates served as co-lead underwriter, depositor and issuer for each of the three securitizations at issue.  Each individual defendant signed one or more of the shelf-registration statements.  Defendant Deutsche Bank Securities served as co-lead underwriter with SG for two of the securitizations.  Defendant J.P. Morgan Securities, LLC is sued as a successor-in-interest to Bear Stearns & Co. Inc., which co-lead underwrote one of them.

The present motion to dismiss, which is brought on behalf of all of the defendants, presses a number of arguments that are also pressed by other defendants in these coordinated actions and have been addressed by this Court's previous Opinions.  The

Court hereby adopts by reference the reasoning and, to the extent they are relevant here, the rulings of those prior Opinions.

Defendants do, however, raise one new argument. They note that for two of the securitizations at issue here, the Offering Documents indicated that the loan underwriting criteria described therein were those "believed by the depositor to have been applied, with some variation," by the originator. The defendants maintain that the inclusion of the word "believed" transforms the Offering Documents' representations regarding underwriting standards into statements of opinion requiring the plaintiff to plead subjective falsity pursuant to <u>Fait v. Regions Fin. Corp.</u>, 655 F.3d 105, 110, 113 (2d Cir. 2011).

This argument is baseless. The passage to which the defendants point is part of the following statement in the Prospectus Supplements for the two securitizations:

> All of the mortgage loans were originated or acquired by Fremont, generally in accordance with the underwriting criteria described in this section. The following is a summary of the underwriting guidelines believed by the depositor [SG Mortgage Securities LLC] to have been applied, with some variation, by Fremont.

The first sentence is a classic statement of fact and the kind of statement on which a Securities Act claim is often premised. The insertion in the following sentence of a reference to the depositor's belief does not impose on the plaintiff a different

5

pleading standard than that normally associated with a Securities Act claim. If anything, the reference to the depositor's belief would appear to any reasonable reader to be little more than a reference to the depositor's exercise of its due diligence function and a further endorsement of the quality of the offering. Any other conclusion would threaten to graft onto every Securities Act claim the duty of a plaintiff to plead scienter.

Moreover, the reference to the depositor's belief in the second sentence is a statement about a matter of objective fact, and not as defendants suggest, a statement of opinion that requires any allegation about subjective belief. Therefore, the Court of Appeals' decision in Fait has limited relevance.

The Securities Act only imposes liability for false statements of material fact. But as explained in Fait, even statements of belief and opinion may create liability under the statute. Id. at 110. The holding of Fait is that statements of belief or opinion about subjects that "are not matters of objective fact[] may nevertheless give rise to liability under the Securities Act," where the plaintiff can show that the speaker did not believe what she claimed. UBS I, 858 F. Supp. 2d at 325. The reason for this holding is that "'statements of opinion or belief 'are factual in two senses: as statements that the person to whom the belief is ascribed holds the belief

6

stated and as statements about the subject matter of the belief expressed.'" Id. at 326 (quoting Virginia Bankshares, Inc. v. Sandberg, 501 U.S. 1083, 1092 (1991)) (alteration marks omitted).

The defendants in this action, however, made statements of belief about a matter of objective fact -- that Fremont adhered to its underwriting guidelines in originating or acquiring the mortgage loans. Their use of the word "believed" simply underscored that the defendants stood behind their representation that the guidelines were applied. Using the word belief in this context does not impose upon the plaintiff the duty to plead that the defendants did not actually hold their expressed belief.

Of course, where the expressed belief is about a matter that is one of opinion or a subjective fact, then the Securities Act plaintiff must plead more, as this Court explained recently in applying Fait to these coordinated actions. One of the three misrepresentations alleged by the plaintiff concerns the LTV ratio. Because LTV ratio is a function of appraisal valuation, and because "valuations are . . . the subjective judgments of the appraisers," UBS I, 858 F. Supp. 2d at 326, the subject matter of the belief expressed -- the true value of the property -- is not a "matter of objective fact," the accuracy of which can be challenged under the Securities Act. For that reason, to

7

challenge the defendants' statements regarding LTV, the plaintiff must attack the first component of the statement: that the person to whom the belief is ascribed -- the appraiser -- holds the belief stated. No such limitation exists with respect to the defendants' representations regarding underwriting guidelines, for the reasons explained above.

## CONCLUSION

The defendants' August 17 motion to dismiss is granted with respect to:

- Plaintiff's Virginia Securities Act claims against non-selling defendants and all attendant control person claims;
- Plaintiff's Section 12(a)(2) and D.C. Blue Sky claims against underwriters with respect to Certificates purchased from other parties.

The motion is denied in all other respects.

SO ORDERED:

Dated:   New York, New York
         November 27, 2012

_____
DENISE COTE
United States District Judge